IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-321-CR




BILLY GERALD CRUTCHER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 39,379, HONORABLE JOE CARROLL, JUDGE


 





PER CURIAM

 The district court found appellant guilty of possessing less than twenty-eight grams
of amphetamine and assessed punishment at imprisonment for five years. Tex. Health & Safety
Code Ann. § 481.116 (Pamph. 1991). We affirm.

 In his only point of error, appellant contends the district court erred by admitting
in evidence the report prepared by the chemist who analyzed the contraband. Appellant relies on
the opinion in Cole v. State, No. 1179-87 (Tex. Crim. App., November 14, 1990) (motion for
rehearing granted). In Cole, the court held that reports prepared by chemists employed by the
Department of Public Safety are not admissible under the business records or public records
exceptions to the hearsay rule. Tex. R. Crim. Evid. Ann. 803(6), (8) (Pamph. 1991). We find
that appellant did not preserve this contention for appeal.

 The chemist, Deborah Reagan, did not testify. Her report was admitted as a
business record through the testimony of Charles Mott, director of the Department of Public
Safety regional laboratory in Waco. After Mott was questioned about Reagan's qualifications,
he was asked:

Q. What was her analysis of this stuff in State's Exhibit Number 11?


MR. POTTER [defense counsel]: Your Honor, if it please the Court. We object
to anything he says about the analysis, because it would be hearsay, sir. And he's
shown no exception to the hearsay rule as to this point.


. . . .


THE COURT: Okay. I'll sustain the objection.


MR. CARROLL [prosecutor]: Mr. Mott, in the -- is it in the regular course of
the business there for the DPS laboratory to make reports concerning analysis done
by the different chemists?


A. Yes, it is.


Q. Do you have that report with you?


A. Yes, I do.


Q. Are these reports made at or near the time reflected in the reports?


A. Yes, they are.


Q. And are these reports made by either yourself or an employee that have
personal knowledge of the analysis that's reflected in those reports?


A. Yes, they are.


Q. May we have the report concerning Deborah Reagan's analysis of this drug
evidence in this case.


MR. CARROLL: Your, Honor, we would mark this as State's Exhibit Number
12.


 (State's 12 marked)


 Your Honor, we would offer State's Exhibit Number 12.


MR. POTTER: Your Honor, again, we object on hearsay. And plus analysis of
what the prosecutor has said, does not make it an exception to the hearsay rule.


MR. CARROLL: We offer it as a business record, which is clearly exception of
the hearsay rule.


MR. POTTER: Sir, that may be true if he had laid the predicate. However, he
didn't, sir.


THE COURT: State's 12 will be admitted.


 An objection stating one legal basis may not be used to support a different legal
theory on appeal. Rezac v. State, 782 S.W.2d 869 (Tex. Crim. App. 1990). Appellant's trial
objection was that the necessary predicate for the admission of the report as a business record had
not been laid. It cannot be read fairly as asserting that the chemist's report was not admissible
as a business or public record under the terms of Rule 803(6) and (8). Having not been presented
to the district court, appellant's point of error was not preserved for review. Tex. R. App. P.
Ann. 52(a) (Pamph. 1991); Tex. R. Crim. Evid. Ann. 103(a)(1) (Pamph. 1991).

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: October 9, 1991

[Do Not Publish]