99-00434 Brown v State of Texas.wpd



No. 04-99-00434-CR



Johnny BROWN,


Appellant


v.


STATE of Texas,

Appellee


From the 144th Judicial District Court, Bexar County, Texas

Trial Court No. 97-CR-3793

Honorable Robert Barton, Judge Presiding


Opinion by: Paul W. Green, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: November 8, 2000


AFFIRMED


 The jury convicted Appellant Johnny Brown of three counts of statutory rape. Brown
complains on appeal that the evidence was factually insufficient to support the three counts. Further,
Brown complains that the trial court improperly admitted the testimony of a sexual assault nurse and
of due process violations resulting from prosecutorial misconduct. Finding no error, we affirm.

Background


 Brown owned and operated the Johnny B. Goode Driving School. "Katy," the victim in this
case, began attending Brown's driving school in November 1996. Sixteen-year-old Katy got to know
the forty-seven-year old Brown and grew attracted to him. During the time she attended his driving
school, Katy and Brown had three "consensual" sexual encounters in the driving school vehicle.
Although Katy reported none of the encounters to authorities, she did detail them in her private
journal. After Katy finished the three months of driving school, she no longer saw Brown. 

 On March 31, 1997, Katy and her friends skipped school and met Brown, requesting he buy
them alcohol. Katy and her friends decided to spend the night at Brown's house. When Katy did
not return home that night, her mother searched through her room, hoping to find some clue as to
her whereabouts. She found Katy's private journal and read the entries regarding Katy's sexual
encounters with Brown. Katy's mother located Katy and confronted her about the encounters.
Although Katy first denied them, she later admitted to the encounters after her mother referred to the
private journal. 

 Katy's mother contacted the police, and Katy gave statements regarding all three encounters.
Katy was also medically examined by a sexual assault nurse. At trial, Katy testified regarding the
incidents, and the State introduced evidence of the medical exam, along with the testimony of the
sexual assault nurse. Brown testified that the encounters never occurred and that Katy was lying.
The jury convicted him of all three counts of statutory rape, and Brown appeals to this Court.

Discussion

 In his first three points of error, Brown complains that the evidence is factually insufficient
to support the three counts of statutory rape. In his fourth point of error, Brown claims the trial court
erred in admitting the testimony of the sexual assault nurse. In his fifth point of error, Brown argues
that prosecutorial misconduct warrants reversal. 

I. Factual Sufficiency

 To review factual sufficiency, the court "views all the evidence without the prism of 'in the
light most favorable to the prosecution,' [i.e., views the evidence in a neutral light,] and sets aside
the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust." Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); accord Johnson v. State,
23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). Recently, the Texas Court of Criminal Appeals clarified
the standard for factual sufficiency review in criminal cases, requiring that we ask whether a neutral
review of all the evidence, both for and against the finding, reveals either: (1) the proof of guilt is
so obviously weak as to undermine confidence in the jury's determination; or (2) the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson, 23 S.W.3d at
11.

 In this case, the jury was presented with two contradictory accounts of the relationship
between Brown and Katy, with Katy testifying the encounters occurred and Brown testifying they
did not. In addition, Brown brought several character witnesses, who testified Katy was "far
fetched" and had lied in the past. Brown also made the argument it was physically impossible for
sexual encounters to take place in the driving school vehicle because it was equipped with an interior
passenger-side brake that prevented the type of physical action claimed by Katy. Brown argues that,
when balancing Katy's testimony, weakened by credibility attacks, along with the contrary evidence,
the evidence is factually insufficient. The Johnson Court specifically addressed the issue of
factual sufficiency and its relationship to credibility, stating:

 A factual sufficiency analysis can consider only those few matters
bearing on credibility that can be fully determined from a cold
appellate record. Such an approach occasionally permits some
credibility assessment but usually requires deference to the jury's
conclusion based on matters beyond the scope of the appellate court's
legitimate concern. Unless the available record clearly reveals a
different result is appropriate, an appellate court must defer to the
jury's determination concerning what weight to give contradictory
testimonial evidence because resolution often turns on an evaluation
of credibility and demeanor, and those jurors were in attendance
when the testimony was delivered.


Johnson, 23 S.W.3d at 8 (emphasis added). In this case, the jury heard the testimony of Katy,
Brown, and the character witnesses. It found Brown guilty. Further, the contrary evidence regarding
the interior of the driving school vehicle does not outweigh the proof of guilt. See id. We overrule
Brown's first three points of error.

II. Testimony of Sexual Assault Nurse

 The State presented the testimony of the sexual assault nurse who examined Katy after the
discovery of the sexual encounters. The nurse testified regarding the medical exam and then
discussed the characteristics of sexual assault victims, including their hesitancy to admit that the sex
was consensual. This testimony was offered to rebut Brown's evidence that Katy had initially told
the police the sex was nonconsensual. Brown complains the nurse improperly commented upon the
truthfulness of Katy's testimony.

 As a prerequisite to complaining on appeal, Brown must have specifically complained of
such error by means of a timely request, objection, or motion. Tex. R. App. P. 33.1(a)(1). An
objection stating one legal ground may not be used to support a different legal ground on appeal.
Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); Paez v. State, 995 S.W.2d 163, 174
(Tex. App. -- San Antonio 1999, pet. ref'd). At trial, Brown objected to the nurse's testimony on
the ground that it was speculative and irrelevant, but not on the ground that it improperly commented
upon the truthfulness of Katy's testimony. Further, the trial court did not err in admitting the nurse's
testimony because it properly addressed the general characteristics of child sexual assault victims
rather than applying those characteristics to Katy and arriving at a conclusion. See Schutz v. State,
957 S.W.2d 52, 73 (Tex. Crim. App. 1997). Therefore, we overrule this point of error.

III. Prosecutorial Misconduct

 In his fifth point of error, Brown complains of prosecutorial misconduct. Specifically, Brown
complains that the State introduced improper character evidence and improperly impeached a
defense witness. Factors to consider in determining whether prosecutorial misconduct constitutes
a due process violation include: (1) whether the defendant objected at trial to the prosecutor's
conduct; (2) whether the prosecutor, by deliberate action, was violating an express order of the court;
and (3) whether the misconduct was so blatant as to border on being "contumacious." See Stahl v.
State, 749 S.W.2d 826, 830-31 (Tex. Crim. App. 1988).

 In this case, Brown failed to object to all incidents of alleged prosecutorial misconduct except
one. In addition, once the trial court ruled against the prosecutor, no more mention was made of the
character evidence in question. Further, although ruled against by the trial court, the State had
legitimate grounds to introduce the evidence in question, and as a result, the conduct does not
"border on being contumacious."

Conclusion

 Finding the evidence factually sufficient to support the three counts of statutory rape, we
overrule Brown's first three points of error. In addition, the testimony of the sexual assault nurse
was properly admitted; thus, we overrule Brown's fourth point of error. The prosecutor's conduct
does not constitute prosecutorial misconduct warranting reversal. We overrule Brown's fifth point
of error and affirm the judgment of the trial court. 


 PAUL W. GREEN

 JUSTICE


DO NOT PUBLISH