**Ann Murray PAYNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46920.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Rehearing Denied Jan. 9, 1974.

———◆———

Bill Pemberton and Larry W. Green, Greenville, for appellant.

Jack G. Neal, Sulphur Springs, Atty. Pro Tem for the Dist. Atty., Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder; the punishment, ten (10) years.

The sole ground of error is that the trial court erred in overruling appellant's motion to quash the indictment because of an alleged violation of Art. 2.08, Vernon's Ann.C.C.P., which states:

"District and county attorneys shall not be of counsel adversely to the State in any case, in any court, nor shall they, after they cease to be such officers, be of counsel adversely to the State in any case in which they have been of counsel for the State."

The indictment was returned against the appellant on June 8, 1971; on October 6, 1971, the District Attorney filed a motion seeking to disqualify himself and to have an attorney appointed to represent the State in this case. The motion simply stated that he was disqualified and no reasons for such disqualification were stated. On March 13, 1972, the appellant filed a motion to quash the indictment, based upon this disqualification. The case went to trial with the appointed prosecutor acting on behalf of the State. There is no allegation that the District Attorney participated in any way after the trial judge accepted his notice of disqualification and appointed another prosecutor.

Clearly, the statute complained of by appellant, Art. 2.08, supra, has no application to this case. Rather, a reading of appellant's motion leads us to believe that it is actually an alleged violation of Art. 27.03, V.A.C.C.P. which is before us. That statute reads in part:

"In addition to any other grounds authorized by law, a motion to set aside an indictment or information may be based on the following:

\*     \*     \*     \*     \*     \*

"2. That some person not authorized by law was present when the grand jury was deliberating upon the accusation against the defendant, or was voting upon the same;"

Appellant makes no attempt to explain the District Attorney's disqualification, and

does not attempt to show that the reason for the disqualification existed at the time the indictment was returned against him. There is also no affirmative showing that the District Attorney was present when the grand jury deliberated upon appellant's indictment and was "not authorized by law" at that time to be present. Absent such proof, we must conclude that the trial court did not err in overruling the motion to quash.

The judgment is affirmed.