COURT OF APPEALS












 
 
 
  
 
 
 




COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
 KYLE PHILLIPS
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS
  
                            
 Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  '
 
 
 
  
  
                   No. 08-00-00211-CR
  
 Appeal from the
  
 394th District
 Court
  
 of Brewster County,
 Texas
  
 (TC# 3403)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


O P I N I O N

 

Kyle Phillips appeals from his
conviction for aggravated robbery.  Upon
a finding of guilt by a jury, the trial court assessed Appellant=s punishment at imprisonment for six
(6) years.  We affirm the judgment of the
trial court.

I. 
SUMMARY OF THE EVIDENCE








Appellant was indicted by the grand
jury of the 394th Judicial District Court for an aggravated robbery alleged,
and eventually proven, to have been committed in Brewster County on October 27,
1998.  On June 18, 1999, Appellant filed
a motion to quash the indictment on the ground that the 83rd District Attorney
who presented the case to the grand jury did not reside in the 394th Judicial
District in violation of the constitutional residency requirement found in
Article 16, Section 14 of the Texas Constitution.[1]  He further argued that because the
Legislature has not provided for the election of a district attorney for the
394th Judicial District, only the Brewster County Attorney is permitted to
represent the State in grand jury proceedings. 
Consequently, he claimed that the 83rd District Attorney=s participation in the grand jury
violated Sections 20.011, 20.04, 20.05, and 20.20 of the Texas Code of Criminal
Procedure.[2]  Appellant did not ask the trial court to rule
on this motion until the day of trial, October 19, 2000.  Appellant did not offer any evidence in
support of the motion at the hearing, but the trial court took judicial notice
that the elected 83rd District Attorney, the Honorable Albert Valadez, lived in Pecos County.[3]  The trial court denied the motion and the
case proceeded to trial.  








                                              Authority
of 83rd District Attorney

                              to
Represent the State in the 394th Judicial District

 

In his sole point of error, Appellant
challenges the authority of the 83rd District Attorney to represent the State
in the 394th Judicial District Court.  

1.  Relevant Statutory Provisions








In order to better understand the
numerous arguments raised by Appellant, we will briefly set forth the relevant
statutes.  Prior to September 1, 1995,
the 83rd Judicial District was composed of Brewster, Jeff Davis, Pecos,
Presidio, Reagan, and Upton Counties. Acts 1985, 69th Leg., R.S., ch. 480, ' 1, 1985 Tex. Gen.
Laws 1720, 1762 [former Tex. Gov=t Code ' 24.185(a).  Pursuant to the version of Section 43.141 in
effect at the time, the voters of the 83rd Judicial District elected the 83rd
District Attorney.  Acts 1985, 69th Leg.,
R.S., ch. 480, ' 1, 1985 Tex. Gen. Laws 1720, 1928 (former Tex. Gov=t Code 43.141).  In 1995, the Legislature amended Section
24.185(a) to remove Brewster, Jeff Davis, and Presidio counties from the 83rd
Judicial District and it placed those three counties, along with Culberson and
Hudspeth counties, in the newly-created 394th Judicial District.  Acts 1995, 74th Leg., R.S., ch. 704, ' 18, 1995 Tex. Gen.
Laws 3716 [current version found at Tex.
Gov=t Code Ann. ' 24.185(a) (Vernon Supp. 2002)]; Acts
1995, 74th Leg., R.S., ch. 704, ' 20, 1995 Tex. Gen. Laws 3717 [current version found at Tex. Gov=t Code Ann. ' 24.539 (Vernon Supp. 2002).[4]  In 1999, the Legislature added Terrell and
Val Verde counties to the 83rd Judicial District so that it was composed of
Pecos, Reagan, Terrell, Upton, and Val Verde counties.  Acts 1999, 76th Leg., R.S., ch. 1337, ' 18, 1999 Tex. Gen.
Laws 4550 (former Tex. Gov=t Code ' 24.185).[5]  Consistent with these changes, the
Legislature also amended Section 43.141 of the Government Code to provide that
the voters of Brewster, Jeff Davis, Pecos, Presidio, Reagan, and Upton counties
elect a district attorney for the 83rd Judicial District.  Acts 1995, 74th Leg., R.S., ch. 704, ' 22, 1995 Tex. Gen.
Laws 3717 [current version found at Tex.
Gov=t Code Ann. ' 43.141(a) (Vernon Supp. 2002)].  Further, former Section 43.141(b) provided
that the district attorney for the 83rd district also acts as the district
attorney for the 394th Judicial District in Brewster, Jeff Davis, and Presidio
counties. Acts 1995, 74th Leg., ch. 704, ' 22, 1995 Tex. Gen. Laws 3717 [current version found at Tex. Gov=t Code Ann. ' 43.141(b) (Vernon Supp. 2002)].  

2.  The Arguments Raised on Appeal








Appellant argues that when the
Legislature created the 394th Judicial District in 1995, it did not provide for
the election of a district attorney in that district, and therefore, only the
county attorney is authorized to represent the State before the grand jury or
in any criminal prosecutions in Brewster County.  Appellant further contends that Section
43.141(b) of the Texas Government Code, which authorizes the 83rd District Attorney
to prosecute cases in the 394th District Court in Brewster County, violates
Article 16, Section 14 of the Texas Constitution because it is impossible for
the 83rd District Attorney to reside in both the 83rd and 394th Judicial
Districts.  By virtue of this same
constitutional provision, he maintains that the office of the 83rd District
Attorney was automatically vacated on the effective date of the amended
statutes, September 1, 1995, and therefore, his indictment must be quashed
because the 83rd District Attorney lacked authority to present the case to the
grand jury.

3.  Waiver

In his motion to quash, Appellant
complained only of the 83rd District Attorney=s participation in the grand jury
proceedings.  He did not file a motion to
disqualify the 83rd District Attorney from prosecuting the case against him
following indictment nor did he otherwise object to the 83rd District Attorney=s continued participation in the
case.[6]  Despite the failure to raise such an
objection in the trial court, Appellant argues generally on appeal that his
conviction is invalid because the 83rd District Attorney is not permitted to
participate in any aspect of the prosecution against him.  Assuming Appellant would have had standing to
raise such an argument in the trial court, we find he has failed to preserve it
by raising an appropriate and timely objection.








It is well established that in order
to preserve error, the complaint on appeal must comport with the objection
lodged at trial.  Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App.
1990); see Tex. R. App. P.
33.1.  While Appellant=s motion to quash the indictment is
the proper vehicle to assert that an unauthorized person participated in the
grand jury proceedings, we find it inadequate to preserve any additional
complaint that the prosecutor was disqualified from participating in the trial.

4.  The Motion to Quash

Turning to the denial of the motion
to quash the indictment, Appellant raises intriguing issues which can only be
resolved by a complex analysis of the relevant constitutional and statutory
provisions.  It is unnecessary to address
the merits of these issues, however, because Appellant failed to produce any
evidence in the trial court to support his claim that an unauthorized person
was present when the grand jury deliberated on the case.

Article 27.03 of the Code of Criminal
Procedure governs the grounds on which a motion to set aside an indictment may
be sought:

In addition to any other grounds authorized by law, a
motion to set aside an indictment or information may be based on the following:

 

1.  That it
appears by the records of the court that the indictment was not found by at
least nine grand jurors, or that the information was not based upon a valid
complaint;

2.  That some
person not authorized by law was present when the grand jury was deliberating
upon the accusation against the defendant; or was voting upon the same; and

3.  That the
grand jury was illegally impaneled; provided, however, in order to raise such
question on motion to set aside the indictment, the defendant must show that he
did not have an opportunity to challenge the array at the time the grand jury
was impaneled.

 

Tex. Code Crim. Proc. Ann. art. 27.03 (Vernon 1989).  

 








Given Appellant=s argument that the 83rd District
Attorney was not authorized to present the case against him to the grand jury
for the 394th District Court, we necessarily presume that Appellant bases his
argument on Article 27.03(2).  Appellant
did not, however, present any evidence in the trial court to show that the 83rd
District Attorney was, in fact, present when the grand jury deliberated on the
indictment or voted to return a true bill.

In Payne v. State, 502 S.W.2d
812 (Tex. Crim. App. 1974), the Court of Criminal
Appeals addressed the impact of a failure to produce evidence in sufficiently
similar circumstances.  There, the
prosecutor had filed a motion disqualifying himself approximately six months
after the indictment had been returned against the defendant.  The defendant filed a motion to quash the
indictment alleging that the district attorney was disqualified by virtue of
Article 2.08 of the Code of Criminal Procedure[7]
and should not have presented the case against him to the grand jury.  Due to the lack of any evidence that the
district attorney had been present when the grand jury deliberated or voted,
the Court found no error in overruling the motion to quash Payne, 502
S.W.2d at 813.  Applying the same
reasoning here, Appellant failed to produce any evidence at trial that the 83rd
District Attorney was present when the grand jury deliberated or voted on the
indictment.  Consequently, we are unable
to find that the trial court erred in overruling Appellant=s motion to quash.  We overruled Appellant=s sole point of error.

 








Having overruled Appellant=s sole point of error, we affirm the
judgment of the trial court.

August
30, 2002

 

RICHARD BARAJAS, Chief Justice

 

 

Before
Panel No. 4

Barajas,
C.J., Larsen, and McClure, JJ.

 

(Do
Not Publish)











[1]  Tex. Const. Article 16, Section14
provides that:  AAll civil officers shall reside within the State; and
all district or county officers within their districts or counties, and shall
keep their offices at such places as may be required by law; and failure to
comply with this condition shall vacate the office so held.@





[2]  Article 20.011
prescribes who may be present in a grand jury room while the grand jury is
conducting proceedings, and specifically provides for the presence of the
attorney representing the State.  Tex. Code Crim.
Proc. Ann. art. 20.011 (Vernon Supp. 2002).  Article 20.04 permits the attorney
representing the State to question witnesses and precludes any other person
from addressing the grand jury about a matter before the grand jury.  Tex.
Code Crim. Proc. Ann. art. 20.04 (Vernon Supp.
2002).  Pursuant to Article 20.05, the
grand jury is allowed to request the presence of the attorney representing the
State for the purpose of obtaining advice. 
Tex. Code Crim.
Proc. Ann. art. 20.05 (Vernon Supp. 2002).  Finally, Article 20.20 requires to attorney
representing the State to prepare the indictments found by the grand jury.  Tex.
Code Crim. Proc. Ann. art. 20.05 (Vernon
1977).  





[3]  In an
interesting turn of events, the defense attorney who represented Appellant at
trial, the Honorable Frank D. Brown, has since been elected to the office of
83rd District Attorney.  The Court has
granted Brown=s motion to withdraw and new appellate counsel has
been appointed to represent Appellant. 
Because of his position as defense counsel in this case, Brown is not
permitted to represent the interests of the State.  See Tex.
Code Crim. Proc. Ann. art. 2.01 (Vernon Supp.
2002) (AEach district attorney shall represent the State in
all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his
election, employed adversely.@).  The Court
has been notified that the State is now represented on appeal by Steve Houston.






[4]  Prior to the
1995 amendments, Culberson and Hudspeth Counties, along with El Paso County,
comprised the 210th Judicial District. 
Acts 1985, 69th Leg., R.S., ch. 480, ' 1, 1985 Tex.
Gen. Laws 1720, 1777 (former Tex.
Gov=t Code ' 24.389). 
Following the 1995 amendments, the 210th Judicial District is composed
solely of El Paso County.  See Tex. Gov=t Code Ann. ' 24.389 (Vernon Supp. 2002).  The district attorney for the 34th Judicial
District also acts as district attorney for the 394th Judicial District in
Culberson and Hudspeth counties.  Tex. Gov=t Code Ann. ' 43.120 (Vernon Supp. 2002).





[5]  In 2001, the
Legislature again amended Section 24.185 to remove Reagan County from the 83rd
Judicial District so it is currently composed of Pecos, Terrell, Upton, and Val
Verde counties.  Tex. Gov=t Code Ann. ' 24.185 (Vernon Supp. 2002).  Reference to Reagan County was likewise
removed from Section 43.141, so the 83rd District Attorney is currently elected
by the voters of Brewster, Jeff Davis, Pecos, Presidio, and Upton
counties.  See Tex. Gov=t Code Ann. ' 43.141 (Vernon Supp. 2002).





[6]  Our opinion
should not be read as affirmatively holding that a defendant has standing to
raise such a complaint in the trial court. 
While we agree that an unauthorized person may not participate in grand
jury proceedings, Appellant does not explain how he has standing to generally
complain of the 83rd District Attorney=s
asserted lack of authority to prosecute him or how it would invalidate his
conviction.  We simply point out that
Appellant did not bring the asserted error to the attention of the trial court.





[7]  Article 2.08
precludes a district or county attorney from being of counsel adverse to the
State.  See Tex. Code Crim.
Proc. Ann. art. 2.08 (Vernon 1977).