NOS. 12-03-00197-CR
 12-03-00198-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
RODNEY COLLINS,                                         §     APPEAL FROM THE 145TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     NACOGDOCHES COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Rodney Collins (“Appellant”) appeals his convictions for murder and attempted murder. In
his sole issue, Appellant argues that the trial court erred by excluding evidence to support a jury
instruction on sudden passion during the punishment phase of the trial. We affirm.
 
Background
            Appellant was charged by indictments with the murder of Betty Ferguson (“Betty”) and the
attempted murder of Paul Collins (“Paul”) on or about August 22, 2001. Appellant pleaded “not
guilty” and elected a trial by jury. On March 20, 2003, the jury found Appellant guilty of murder
and attempted murder as alleged in the indictments. 
            During the punishment phase, Appellant’s counsel questioned Paul regarding a mobile home.
Paul testified that the mobile home was purchased in Appellant’s name and that, approximately a
month before trial, a fire occurred at a house next to the mobile home. Further, Appellant’s counsel
asked Paul if, during the fire, Appellant’s ownership papers to the mobile home were destroyed. Paul
testified that he did not know, but believed that Appellant had the papers. Appellant’s counsel
inquired if Paul thought Appellant “had the paper with him in jail,” and the State objected to the
relevance of the question. At a bench conference, Appellant’s counsel stated, in his offer of proof,
that he was attempting to establish an evidentiary basis that Betty’s murder arose from sudden
passion. According to Appellant, an inquiry into the mobile home fire was relevant to show evidence
of sudden passion because the mobile home fire was evidence of “later destruction of the remaining
paperwork” establishing ownership in Appellant’s name. Moreover, Appellant’s counsel declared
that the fire was “a continuation of the attempts to get [Appellant] away from the trailer . . . out of
the picture,” in order to live in the mobile home “unencumbered” by Appellant’s share in the absence
of anyone claiming ownership. Although Appellant’s counsel denied suggesting Paul burned the
mobile home, he wanted to ask if Paul knew someone who may have had the same motive to burn
the mobile home. The trial court sustained the State’s objection. On March 21, 2003, the jury
assessed Appellant’s punishment at seventy years of imprisonment and a fine of $10,000 for the
murder conviction,


 and twenty years of imprisonment and a fine of $5,000 for the attempted murder
conviction.


 This appeal followed.
 
Exclusion of Evidence
            In his sole issue, Appellant argues that the trial court erred by excluding evidence to support
a jury instruction on sudden passion during the punishment phase. Appellant contends that this
exclusion violated his due process rights under the Fifth and Fourteenth Amendments to the United
States Constitution and his rights under Article I, Section 19 of the Texas Constitution. The State
disagrees and argues that Appellant failed to preserve error for appellate review because his
complaint on appeal does not comport with his claim at trial. Further, the State contends that
Appellant also failed to preserve error because his offer of proof at trial was inadequate.
            In order to present an issue for appellate review, the record must show that a complaint was
made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a)(1).
Additionally, the point of error on appeal must correspond with the objection made at trial. Broxton
v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); Coffey v. State, 796 S.W.2d 175, 179-80
(Tex. Crim. App. 1990). An objection at trial stating one legal theory may not be used to support
a different legal theory on appeal. Broxton, 909 S.W.2d at 918 (quoting Johnson v. State, 803
S.W.2d 272, 292 (Tex. Crim. App. 1990)); Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App.
1990). At trial, Appellant argued that his inquiry into the mobile home fire was relevant to show that 
Appellant’s murder of Betty arose from sudden passion. He did not argue any federal or state
constitutional claims. On appeal, Appellant contends that the trial court’s exclusion of this evidence
violated his due process rights under the United States and Texas constitutions. Because Appellant’s
claim at trial varies from his complaint on appeal, he has failed to preserve error and presents nothing
for our review.
            Moreover, to preserve error in the exclusion of evidence, a party must perfect an offer of
proof or a bill of exceptions. Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999). An
informal bill will suffice as an offer of proof when it includes a concise statement of counsel’s belief
of what the testimony would show. Love v. State, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993).
When counsel intends to rely upon an informal bill to preserve error, the bill must include a summary
of the proposed testimony. Id. In this case, Appellant’s counsel explained the relevance of
questioning Paul regarding the mobile home fire. However, Appellant’s counsel never summarized
the proposed testimony by Paul if he were allowed to inquire about the mobile home fire. Because
Appellant’s offer of proof failed to include a summary of the proposed testimony, he has failed to
preserve error and presents nothing for our review. Accordingly, Appellant’s sole issue is overruled.
 
Conclusion
            Based upon our review of the record, we conclude that Appellant failed to preserve his
complaint regarding the trial court’s exclusion of evidence. Therefore, the judgment of the trial
court is affirmed.
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered May 28, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

































(DO NOT PUBLISH)