**Larry Joe REZAC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 072–87.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 17, 1990.

Linda J. Ham, Dallas, for appellant.

Henry Wade, Former Dist. Atty. and John Vance, Dist. Atty. and Constance M. Maher and Michael A. Klein, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for State.

Opinion on State's Petition for Discretionary Review

CAMPBELL, Justice.

Appellant was convicted by a jury of driving while intoxicated. He was sentenced to ninety days' confinement in the

---

Dallas County Jail, probated for two years, and a $500 fine. In a published opinion, the Dallas Court of Appeals reversed appellant's conviction, holding that the audio portion of the video tape made of appellant at the police station should not have been played to the jury because it contained appellant's request for counsel. *Rezac v. State,* 722 S.W.2d 32 (Tex.App.—Dallas 1986). We granted the State's petition to determine: (1) whether the Court of Appeals erred in reversing appellant's conviction on unassigned and unpreserved error; (2) whether the Court of Appeals relied upon the wrong case law in reversing appellant's conviction; and (3) whether the Court of Appeals' implicit finding that the playing of the video tape was fundamental error is contrary to the facts of this case.[1] We will reverse the Court of Appeals.

In its first ground for review, the State makes two similar, but unrelated, points: First, that the Court of Appeals could not reverse appellant's conviction based on unassigned error; and second, appellant waived this error by failing to make a timely objection at ·trial. Appellant responds by denying the State's characterization of the facts, but positing no additional legal argument.

■ Once an appellate court has jurisdiction over a case, the limits of the issues that the court may address are set only by that court's discretion and any valid restrictive statute. *Perry v. State,* 703 S.W.2d 668, 670 (Tex.Cr.App.1986); *Carter v. State,* 656 S.W.2d 468, 468–69 (Tex.Cr.App. 1983). The State fails to argue in what way the Court of Appeals abused its discretion and fails to cite any restrictive statute that would prohibit the Court of Appeals' actions. The State's contention that the Court of Appeals erred by addressing unassigned error is overruled.

■ In order for an issue to be preserved on appeal, there must be a timely objection which specifically states the legal basis for the objection. E.g., *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Cr.App. 1977). An objection stating one legal basis may not be used to support a different legal theory on appeal. *Id.*

■ Here, when the video tape was offered into evidence the trial judge inquired about any defense objection:

THE COURT: Ms. Ham [defense attorney], other than the matters about which you made reference to during the pre-trial [sic] hearing, do you have any further objection?

MS. HAM: No further objections other than my pre-trial [sic].

THE COURT: The defense objection is overruled.

Thus, defense counsel limited her objection to the grounds stated in her pretrial motion. That motion stated, in relevant part:

On or about November 1, 1984, the Defendant was arrested for the offense of Driving While Intoxicated; and subsequent to that arrest, the Defendant was placed in a room at the Lew Sterrett Justice Center where a video tape machine recorded the proceedings. No probable cause existed for the video tape recording of Defendant.

The law enforcement officers requested that the Defendant submit to a breath and/or blood test. The Defendant requested at that time that he be allowed to contact an attorney. The officers refused to allow him to contact an attorney.

The admission of the evidence of the Defendant's video tape recording and the results of his breath test would be in violation of Article 14.01, 38.22 and 38.23, C.C.P.; Article I, Section 9, of the Texas State Constitution; and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

On its face, the motion seems to limit·itself to the issue of probable cause. The argu-

---

1. Because our decision on the State's first ground for review is completely dispositive of this case, we will not address either of the remaining grounds for review.

ments made by appellant at the pretrial hearing also stress the probable cause aspect of the motion. The oral argument also adds the idea that a request for counsel serves to bar further taping. At no time did appellant argue that the jury may not hear appellant invoke his right to counsel. Thus, appellant's objection at trial failed to state the theory relied upon by the Court of Appeals. Because the trial judge did not have an opportunity to rule on a motion to quash based on the jury making impermissible inferences from appellant's invocation of his right to counsel, nothing is presented for appellate review. See *Purtell v. State*, 761 S.W.2d 360, 365–66 (Tex.Cr.App.1988), *cert. denied.* —— U.S. ——, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989); *Zillender*, 557 S.W.2d at 517.

The Court of Appeals erred in holding that the playing of the audio portion of the video tape was error because the trial judge was not afforded the opportunity to rule on this question. It is immaterial, for purposes of this discussion, that the error was unassigned. The State's first ground for review is sustained.

The judgment of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

CLINTON and TEAGUE, JJ., dissent.