**Joshua Mark GUNTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–95–00121–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 29, 1995.

Decided Dec. 29, 1995.

John Hagler, Dallas, for appellant.

Sue Korioth, Assistant District Attorney, Dallas, Patricia Poppoff Noble, Assistant District Attorney, Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

BLEIL, Justice.

Joshua Gunter appeals from his conviction for the offense of aggravated robbery. He was convicted by a jury upon his plea of guilty and sentenced to fifty years' imprisonment.

The evidence shows that, while driving around in their car, Joshua Gunter and Michael Quertermous, a co-defendant, saw the victim washing his car. With bandannas pulled over their faces, they demanded that the victim, Michael Green, give them his money. He did so and heard one of them say that they ought to shoot him anyway. Green ran, and the gunman fired at him several times. He was hit in the neck and in his tennis shoe. Gunter was taken into custody the day after the robbery, and Quertermous admitted shooting at Green six times. The pistol that fired the shots was recovered.

At the punishment phase, Gunter sought leniency from the sentencing jury, presenting evidence of his parents' recent divorce, his

mother's diagnosis as manic-depressive, and Gunter's extraordinary change of attitude and activities since the divorce. The evidence showed that before the divorce he was an honors student who had never been in trouble and had received numerous honors in various areas. According to the testimony, after the divorce he dropped out of school, began running with a different crowd and abusing drugs.

■ Gunter contends that he is entitled to a reversal because of unfair prejudice resulting from a testifying detective's statement. The detective testified that the co-defendant, Quertermous, had been detained for a similar offense the day before Gunter was taken into custody for this robbery.

The complained-of testimony occurred in the following context:

[While interrogating the officer about Quertermous]

Q. Do you know whether or not an officer had gone to see him the day before?

A. Yes, ma'am, I do.

Q. Had they gone out to talk to him out there?

A. An Arlington police officer went out the day before and detained him for a similar offense—

MS. BUSBEE: I'm going to object to that. That was nonresponsive.

THE COURT: Sustained.

MS. BUSBEE: Ask for an instruction.

THE COURT: The jury is instructed to disregard.

MS. BUSBEE: Move for a mistrial.

THE COURT: Overruled.

MR. HENRICHS: Gunter adopts those objections.

THE COURT: Same ruling.

■ The admission of evidence of an extraneous offense, unless proven beyond a reasonable doubt, is error. *See* TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon

Supp.1996). However, in this case, an objection was made to its admission which was sustained. The court thereafter instructed the jury to disregard the statement. An instruction to disregard normally cures error, except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such a nature as to suggest the impossibility of withdrawing the impression produced on the jurors' minds. *Livingston v. State*, 739 S.W.2d 311, 335 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988).

This evidence was not specific as to the details of any type of crime committed and was cut off before any unusually inflammatory details of any extraneous crime could be brought before the jury. We conclude that the instruction to disregard was sufficient to cure any error.[1]

Furthermore, the evidence did not harm Gunter because it pertained to Quertermous only. It was not relevant to Gunter. TEX. R.CRIM.EVID. 401. Had that objection been made, Gunter would have been entitled to an instruction on its limited admissibility. TEX. R.CRIM.EVID. 105(a). In the absence of a request that the jury be instructed that the evidence is admissible as to the one party, but not the other, an appellant cannot complain on appeal about the evidence's admission. TEX.R.CRIM.EVID. 105(b).

The judgment of the trial court is affirmed.

---

1. Counsel on appeal contends that the trial court should have conducted a balancing test under Texas Rule of Criminal Evidence 404. *See* TEX. R.CRIM.EVID. 404; *Montgomery v. State*, 810 S.W.2d 372, 388–90 (Tex.Crim.App.1990) (opinion on reh'g). However, no objection based on relevance was made to the trial court. In the absence of such an objection, nothing has been preserved for our review on this point. TEX. R.APP.P. 52(a); *McFarland v. State*, 845 S.W.2d 824, 838 (Tex.Crim.App.1992); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App.1990).