In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00199-CR


______________________________




MICHAEL CHARLES GAUSS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 01-F-0207-202




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Michael Charles Gauss was convicted by a jury of burglary of a habitation (1) and was
given an enhanced sentence of sixty years' imprisonment. As his only point of error,
Gauss contends the trial court violated extradition requirements of Section 361.029 of the
Texas Local Government Code (2) by denying his motion to suppress confessions obtained
by the Texarkana, Texas, Police Department. The State contends Gauss failed to
preserve this issue for appeal.

 The Bi-State Justice Building in Texarkana is situated on the line dividing Texas and
Arkansas. In addition to various offices, courts, and other facilities, the building houses the
offices of the police departments for both Texarkana, Texas, and Texarkana, Arkansas. 
The building also houses offices and jail facilities operated by the Arkansas Department
of Corrections. The Texas facilities in this building are governed by Chapter 361 of the
Texas Local Government Code. 

 At a time when Gauss was a prisoner in the custody of the Arkansas Department
of Corrections in one part of the Bi-State Justice Building, a Texas police detective
escorted him to an interview room located in another part of the building. The detective
interviewed Gauss on three separate occasions. Gauss gave written statements during
the first and second interviews, but asked for an attorney on the third occasion. No
statement was taken during the third interview. At the time of these interviews, Gauss had
not been extradited from Arkansas to Texas; but, after the interviews, he was extradited.

 For a contention to be raised on appeal, it must have been raised at trial by
objection or motion and ruled on by the trial court. Tex. R. App. P. 33.1. Error is not
preserved for review if it varies from the objection. Ibarra v. State, 11 S.W.3d 189, 197
(Tex. Crim. App. 1999). An objection stating one legal basis may not be used to support
a different legal theory on appeal. Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App.
1990).

 Before trial, Gauss filed a motion to suppress, alleging that the statements were not
freely and voluntarily given, and that he did not freely and voluntarily waive his right to not
give such statements. During this hearing, defense counsel questioned the detective about
Gauss being in Arkansas custody at the time of the interviews and about whether Gauss
was extradited before the interviews. The detective testified Gauss was in Arkansas
custody at the time of the interviews but was not extradited until after the detective had
talked to Gauss. The trial court overruled the motion to suppress. 

 When the State offered Gauss' statements during the guilt/innocence phase of the
trial, defense counsel made the following objection: "Just the same objection we had made
earlier, Your Honor." The only previous objection to the statements was the pretrial motion
to suppress based on the voluntariness of the statements. During the punishment phase
of the trial, defense counsel made another objection to the statements based on their
relevancy. 

 Even though defense counsel questioned the detective at the suppression hearing
about extradition matters, no objection was ever made on that ground. Because Gauss
is limited on appeal to his objections at trial, his only point of error is overruled. 

 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: September 25, 2002

Date Decided: October 18, 2002


Do Not Publish


 
1. The underlying facts of the burglary involve a break-in to a residence which resulted
in a book of personal checks having been stolen. Subsequently, one of the checks was
written to and cashed by Michael Gauss. The statements at issue on appeal contain a
confession to the burglary and forgery.
2. Tex. Loc. Gov't Code Ann. § 361.029(b)(2) (Vernon 1999) provides: "A person
who is in the justice center in the custody, under the law of the other state, of a peace
officer or center personnel . . . may not be prosecuted for an offense against the law of this
state without extradition."