COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-115-CR
 
CARLOS BERNARD SMITH           
           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
          
             STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Carlos Bernard Smith appeals his
conviction for possession of a controlled substance. We affirm.
On May 31, 2001, Fort Worth police
executed a search warrant at 5713 Farnsworth. Before the officers executing the
search warrant arrived at the house, the SWAT team secured the house. Appellant
was at the front of the house when the SWAT team arrived. The SWAT team officers
made appellant lie down on his stomach and handcuffed him.
Officer Kussnick, a narcotics officer,
arrived at the house about a minute and thirty seconds after the SWAT team.
Officer Kussnick approached appellant to pat him down for weapons. Before
speaking to appellant, Officer Kussnick noticed a blue baggie sticking out of
appellant's jeans pocket. Officer Kussnick then asked appellant if he had any
weapons, and appellant said, "[N]ope, all I got is this dope." Officer
Kussnick reached into appellant's pocket and removed the baggie, which was later
confirmed to contain cocaine.
In one issue, appellant contends the trial
court erred in denying his motion to suppress. The State contends that appellant
did not preserve this issue for our review. To preserve a complaint for our
review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion.
Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998) (op. on reh'g), cert. denied, 526 U.S. 1070 (1999).
The complaint made on appeal must comport with the complaint made in the trial
court, or the error is waived. Butler v. State, 872 S.W.2d 227, 236
(Tex. Crim. App. 1994), cert. denied, 513 U.S. 1157 (1995); Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).
Appellant contends on appeal that the SWAT
team officers either searched him or patted him down for weapons when they
arrived at the house. Appellant claims that by handcuffing him after determining
he did not have any weapons, the SWAT team officers unlawfully arrested him and
that Officer Kussnick used appellant's unlawful detention to obtain his consent
to search. Therefore, the search was involuntary.
At trial, however, appellant denied giving
Officer Kussnick consent to search him. Rather, appellant testified at the
motion to suppress hearing and at trial that upon arriving at the house, the
SWAT team officers threw him to the ground, handcuffed him, searched him, and
found cocaine in his pocket. Appellant's counsel argued that "according to
[appellant], it was not Officer Kussnick that searched him, but the SWAT team
officers. And I would submit . . . they searched him in violation of his Fourth
Amendment rights, and based on that, any evidence from that search should be
suppressed."
Because appellant's complaint at trial
does not comport with his complaint on appeal, we overrule appellant's sole
issue and affirm the trial court's judgment.
 
                                                                               
TERRIE LIVINGSTON
                                                                               
JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED MARCH 6, 2003]

1. See Tex. R. App. P. 47.4.