SMITH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-115-CR

CARLOS BERNARD SMITH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Carlos Bernard Smith appeals his conviction for possession of a controlled substance.  We affirm.

On May 31, 2001, Fort Worth police executed a search warrant at 5713 Farnsworth.  Before the officers executing the search warrant arrived at the house, the SWAT team secured the house.  Appellant was at the front of the house when the SWAT team arrived.  The SWAT team officers made appellant lie down on his stomach and handcuffed him.

Officer Kussnick, a narcotics officer, arrived at the house about a minute and thirty seconds after the SWAT team.  Officer Kussnick approached appellant to pat him down for weapons.  Before speaking to appellant, Officer Kussnick noticed a blue baggie sticking out of appellant’s jeans pocket.  Officer Kussnick then asked appellant if he had any weapons, and appellant said, “[N]ope, all I got is this dope.”  Officer Kussnick reached into appellant’s pocket and removed the baggie, which was later confirmed to contain cocaine. 

In one issue, appellant contends the trial court erred in denying his motion to suppress. 
 The State contends that appellant did not preserve this issue for our review.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
  
The complaint made on appeal must comport with the complaint made in the trial court, or the error is waived.  
Butler v. State
, 872 S.W.2d 227, 236 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1157 (1995)
; 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990)
.

Appellant contends on appeal that the SWAT team officers either searched him or patted him down for weapons when they arrived at the house.  Appellant claims that by handcuffing him after determining he did not have any weapons, the SWAT team officers unlawfully arrested him and that Officer Kussnick used appellant’s unlawful detention to obtain his consent to search. Therefore, the search was involuntary.

At trial, however, appellant denied giving Officer Kussnick consent to search him.  Rather, appellant testified at the motion to suppress hearing and at trial that upon arriving at the house, the SWAT team officers threw him to the ground, handcuffed him, searched him, and found cocaine in his pocket. Appellant’s counsel argued that “according to [appellant], it was not Officer Kussnick that searched him, but the SWAT team officers.  And I would submit . . . they searched him in violation of his Fourth Amendment rights, and based on that, any evidence from that search should be suppressed.”

Because appellant’s complaint at trial does not comport with his complaint on appeal, we overrule appellant’s sole issue and affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

[DELIVERED MARCH 6, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.