# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-03-00250-CR

**Daniel B. Davis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR2002-138, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Daniel B. Davis was convicted of sexual assault on D.L.S., a child younger than seventeen years. *See* Tex. Pen. Code Ann. § 22.011 (West Supp. 2004-05).[1] The jury found appellant guilty and he plead "true" to the allegations of three prior felony burglary convictions. Appellant's punishment was assessed by the jury at ninety years in prison.

### Points of Error

Appellant advances eight points of error. First, appellant complains that the trial court failed to conduct a full evidentiary hearing after privileged attorney-client communications were seized from him by jail employees without justification. Next, appellant presents as error six

---

[1] The current code is cited for convenience.

evidentiary rulings by the trial court. Lastly, appellant requests that this Court perform a cumulative error analysis. We will affirm the conviction.

**Background**

The sufficiency of the evidence is not challenged. The complainant, D.L.S., was born October 6, 1985. Her mother, Lois, married appellant in 1999. In the summer of 2000, appellant began a sexual relationship with D.L.S. in Travis County and the relationship was continued in Hays and Comal counties. Comal County Deputy Sheriff Mike Hammes responded to a call on November 7, 2001, from Lois Davis, who reported that she had learned that appellant had engaged in sexual intercourse with D.L.S. Deputy Hammes referred D.L.S. to the Child Protective Services. Carie Mackey, a Comal County CPS employee testified that she interviewed D.L.S. on November 7, 2001. She found D.L.S. reluctant to relate many events to her and was "protective" of appellant. Deputy Sheriff Sean Preuse testified that on November 14, 2001, he answered a call from Lois Davis who reported that D.L.S. was missing and appellant, her husband, could not be located. A "missing juvenile" report was filed. Another deputy, Mike Waddel, related that on December 18, 2001, he received a call that D.L.S. had returned home. He interviewed D.L.S. who stated that she had left home with appellant.

Lois Davis acknowledged that she had married appellant in 1999 and that they had a child. She admitted that her relationship with her older child, D.L.S., began deteriorating in 2001, and in November 2001, she read D.L.S.'s diary, and learned D.L.S. had had sexual contact with several persons including appellant. The diary revealed D.L.S. had been drinking alcohol and smoking marihuana. Lois Davis contacted law enforcement personnel and D.L.S. was interviewed

2

by CPS. Later, Lois Davis reported that D.L.S. and appellant were missing. On December 18, 2001, D.L.S. returned home and still later that month appellant was arrested.

D.L.S. testified as to the beginning of the sexual relationship with appellant in 2000. She considered him "her boyfriend." She and appellant left Comal County on November 14, 2001. They travelled to New Mexico and Arizona. She returned home on December 18, 2001. D.L.S. admitted that she voluntarily went with appellant and had called home several times to assure her mother of her safety.

**First Point of Error**

In his first point of error appellant asserts:

Appellant's Sixth Amendment rights to counsel were violated when jail employees seized *privileged, attorney-client* communications from appellant without justification, and the trial court failed to conduct a full evidentiary hearing, requiring the State to negate harm for violation of appellant's rights to counsel. See article 1, section 10, Texas Constitution.

Immediately prior to trial, appellant's counsel stated that he had "[o]ne matter to put on the record." Counsel informed the trial court that three envelopes (apparently containing communications) from counsel's office addressed to appellant in the county jail had been confiscated by jail personnel, violating the attorney-client privilege. Counsel believed the communications had been read and photocopied. He had one of the envelopes in his hand at the time. Appellant personally interrupted to say that "[t]hey were returned last night." Counsel then stated that in the courtroom on the previous day appellant had written counsel a letter and had it in an envelope when appellant left the courtroom and the letter was confiscated that very morning.

3

Counsel then stated that he "would just simply ask the court" to instruct the prosecutors not to use any information from "privileged attorney-client communications" and to instruct "the jail" to discontinue seizing such communications.

The lead prosecutor responded that he did not learn of the situation until that morning, and had not read the letters. In response to the trial court's inquiry, the prosecutor agreed not to read the letters. Counsel then asked for the return of the letter seized that morning and the trial court ordered its return.

The foregoing is all that the record reflects. Appellant received all the relief requested. He did not request the full evidentiary hearing which he now claims he was denied. Appellant urges that the trial court had the duty to order such hearing *sua sponte* placing the burden on the State to show the lack of harm which is presumed. Counsel never asked the trial court to examine the letters in camera, to order them sealed for the purpose of the record, nor was there any trial objection that the State was making use of any of the communications. The letters and their contents are not in the record in any form. We are not in a position to judge whether the communications were clearly privileged information. Appellant has not preserved any error for review. Appellant cites *Murphy v. State*, 112 S.W.3d 592 (Tex. Crim. App. 2003), but in light of the record we are unable to apply *Murphy* to the instant case. The point of error is overruled.

**Second Point of Error**

In the second point of error, appellant asserts that the "trial court erred in failing to sustain appellant's objection to the State's admission of an extraneous unadjudicated offense, i.e., delivery of marihuana to the complainant [D.L.S.]."

4

On re-direct examination, Deputy Hammes was asked to read from D.L.S.'s diary which had been introduced into evidence. He testified that the diary stated ". . . my dad [appellant] got me some weed and I smoked it in the car with him and Perry. I got so stoned and it was hilarious b/c [because] it was my first." There was no objection to this testimony and nothing is preserved for review. *See* Tex. R. App. P. 33.1.

### Third Point of Error

In the third point of error, appellant complains that the trial court erred in excluding evidence at the punishment phase of the trial from the complainant concerning her thoughts about appropriate punishment for appellant.

Both parties brief the contention but neither refers us to a place in the voluminous record where the evidence was excluded at the punishment hearing. *See* Tex. R. App. 38.1(h). We find that appellant recalled D.L.S. as his witness. The record reflects:

Q. Okay, what . . . tell this jury what, as the victim in this crime, is an appropriate punishment for Mr. Davis?

Mr. Jendrzey (prosecutor): It is up to the jury to determine what the punishment should be. I object to the question.

The Court: Sustain that objection.

Appellant's trial counsel took no further action but continued his interrogation. No informal bill of exception was perfected nor was an offer of proof made to show the trial court what the witness's answer would have been. *See* Tex. R. Evid. 103(a)(2). Nothing has been preserved for review. The third point of error is overruled.

## Fourth Point of Error

Next, appellant urges that the trial court erred in limiting the cross-examination of Lois Davis, D.L.S.'s mother. Appellant's counsel was having Lois Davis read from D.L.S.'s diary which had been introduced into evidence. Counsel had her read a sentence, "We frenched 4 or 5 times and at the end he fingered me but he was narves [sic] as hell." Counsel then asked if the reference was to Ben, or Michael or Kenny. The prosecutor objected to injecting the sexual history of the complainant as it was not relevant to any issue as to whether appellant had sex with an "underage child." Both parties agreed that the diary was in evidence but appellant argued that his interrogation was admissible on the bases of bias and interest. The prosecutor urged it was not relevant and a waste of time. The State's objection was sustained.

Appellant did not perfect an informal bill of exception nor make an offer of proof. *See* Tex. R. Evid. 103(a)(2), (b). Nothing has been preserved for review. *See Tracy v. State*, 14 S.W.3d 820, 827-28 (Tex. App.—Dallas 2000, pet. ref'd). On appeal, appellant urges that there was a violation of the Sixth Amendment to the United States Constitution right of confrontation of witnesses. A complaint on appeal must comport with the trial objection. *See Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). *Hurd v. State*, 725 S.W.2d 249 (Tex. Crim. App. 1987), cited by appellant is distinguishable on the facts and the law from the instant case. Moreover, appellant was not questioning Lois Davis about her personal knowledge. *See* Tex. R. Evid. 602, but her interpretation of certain references in her daughter's diary. D.L.S., the complainant, later testified at length about the entries in her diary. The jury was able to read the diary themselves. The fourth point of error is overruled.

**Fifth Point of Error**

Appellant contends in his fifth point of error that the trial court erred in limiting the cross-examination of Carie Mackey, an investigator for the Child Protective Services, who had interviewed D.L.S. on November 7, 2001. On cross-examination, the record reflects:

Q.  Did you talk to her [D.L.S.], either her or her mother, about the issue of birth control?

A.  Yes.

Q.  What was discussed and with whom?

The trial court then sustained the State's objection of relevancy and that "it's taking up time." Appellant's counsel observed that the issue had been mentioned during Lois Davis's direct testimony, but he took no further action. Here again, no informal bill of exception was perfected nor was any offer of proof made. *See* Tex. R. Evid. 103(a)(2). Nothing is presented for review. As with the other points of error, the record does not show how the witness would have answered the question. *See Williams v. State*, 937 S.W.2d 479, 489 (Tex. Crim. App. 1996). The fifth point of error is overruled.

**Sixth and Seventh Points of Error**

In these two points of error, appellant complains that the trial court erred in limiting the examination of the complainant during the punishment phase of the trial as to "undergoing counseling" and as to the letters written by the complainant to appellant after he was arrested.

Appellant argues that he was deprived in each instance of his Sixth Amendment right to confront witnesses against him.

In his brief under these points, appellant makes clear that he called D.L.S., the complainant, as his witness at the punishment phase of the trial. She was not recalled for the purpose of further cross-examination. Immediately after D.L.S. began to testify, appellant established that she was undergoing counseling "[p]retty much for everything and mainly for what I've been through in the past two years." She explained that "everything" meant "[a]nything that I feel I need to talk about." The record further reflects:

Q. Okay. Other than what's occurred over the past two years, as you say, with Mr. Davis, in your relationship with him, are there other issues that you're discussing with your counselor as well?

A. Yes.

Q. Okay. In other words, just in general mother-daughter kinds of issues?

The State then objected to going into other types of counseling that the witness may want to discuss with her counselor. Appellant's counsel pointed out that the evidence related to the mitigation of punishment, because he was trying to determine whether the counseling was for actions of appellant or for other issues. The trial court sustained the objection.

Appellant's counsel then established when counseling had commenced, how often D.L.S. attended sessions, the length of the sessions, and her consistency in attendance. Then the record reflects:

Q. Okay. Did you tell your counselor that while you had started counseling in January, that you felt it necessary to continue writing love letters to my client at the jail?

Mr. Jendrzey (prosecutor): Actually, we would object to what she's telling her counselor. It's not relevant.

The trial court sustained the objection. In both situations presented by points of error six and seven, appellant's trial counsel did not perfect an informal bill of exception nor make an offer of proof. *See* Tex. R. Evid. 103(a)(2). Nothing is presented for review. *See Williams v. State*, 937 S.W.2d at 489. Neither the trial court nor this Court are informed of what D.L.S.'s answers would have been. Moreover, on appeal appellant claims a violation of the Sixth Amendment's right to confrontation of witnesses. This complaint on appeal does not comport with the trial objection. Nothing is presented for review on this score. *Rezac*, 782 S.W.2d at 870. Further, D.L.S. was called as a witness for appellant at the punishment phase of the trial. Appellant's points of error six and seven are overruled.

## Eighth Point of Error

Lastly, appellant requests this Court "to perform a cumulative error analysis in this case in order to override individual findings of harmless error, assuming that errors have occurred in this trial." Appellant cites *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999).

If there is a cumulative error analysis, there must be errors to cumulate. In *Chamberlain*, the Texas Court of Criminal Appeals stated that it was unaware of any authority that non-errors may in their cumulative effect cause error. *Id*. at 238. The *Chamberlain* court did acknowledge that it was conceivable that a number of errors may be found harmful in their

9

cumulative effect. *Id.* In doing so, the court cited *Stahl v. State*, 749 S.W.2d 826, 832 (Tex. Crim. App. 1988) (holding harm lies in the cumulative effect of the outburst and the improper arguments).

Appellant states that since the Texas Court of Criminal Appeals has never established any rules or standards for making cumulative error requests, he will stand on the arguments submitted. As we have found no error in the contentions advanced and performed no harm analysis, there are no errors to be cumulated. Appellant's eighth point of error is overruled.

The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Puryear and Onion[*]

Affirmed

Filed: February 17, 2005

Do Not Publish

---

[*]  Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).