Opinion issued June 2, 2005











In The
Court of Appeals
For The
First District of Texas




NOS. 01-04-00527-CR
          01-04-00528-CR




GEORGE H. JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE



On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause Nos. 973677 & 973678




MEMORANDUM OPINION
          A jury convicted appellant, George H. Johnson, of tampering with evidence,
enhanced by one prior felony conviction, and of possession of cocaine, enhanced by
two prior felony convictions. The trial court assessed punishment at confinement for
twelve years in the tampering with evidence case and ten years in the possession of
cocaine case. We determine whether the trial court committed reversible error by
admitting into evidence testimony offered by one police officer regarding statements
made by another officer. 
          We affirm.
FACTS
          An undercover drug investigation that was being conducted by police officers
for the city of Houston, including an arresting team, a surveillance team, and an
undercover officer, resulted in appellant’s arrest. Officer Esquibel, the undercover
officer, picked up appellant and drove him to a designated house, where appellant
was supposed to buy cocaine for Esquibel. After Esquibel had dropped appellant off
at the house, he contacted the other officers by radio and gave a description of
appellant. Officers McPherson and Hubbard saw appellant, who matched the
description Esquibel had given them, sneak out of a wooded area behind the house
and enter a church, near which the surveillance team was parked. 
          Concluding that appellant was conducting a “rip” (i.e., taking Esquibel’s
money without giving him the drugs), McPherson and Hubbard followed appellant
into the church and announced their presence. When he saw the officers, appellant
hid his right hand from the officers’ view. McPherson, thinking that appellant might
be armed, drew his gun and ordered appellant to lie down. After a brief struggle, the
officers handcuffed appellant. McPherson noticed that appellant was chewing
something and ordered appellant to spit out whatever he was chewing. The substance
was later identified as cocaine. McPherson then went back into the church to
investigate the area where appellant had hidden his hand from view and found several
rocks that were also later identified as cocaine. At trial, McPherson’s testimony
included statements made over the police radio by Esquibel to the other officers.
DISCUSSION
          In his sole point of error, Johnson contends that it was reversible error for the
trial court to allow McPherson to testify about statements made by Esquibel during
the undercover operation. Appellant argues that McPherson’s testimony regarding
Esquibel’s statements should not have been admitted at trial because the testimony
was hearsay, appellant objected to the testimony, and the testimony offered did not
fall within the present-sense-impression exception, as argued by the State at trial.
Appellant also argues that it was a violation of his fundamental right of confrontation
under the United States Constitution to admit Esquibel’s statements into evidence
over objection because Esquibel was not available to testify at trial and appellant did
not have a prior opportunity to cross-examine him. 
          We review a trial court’s evidentiary rulings for abuse of discretion. Willover
v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We must consider the trial
court’s ruling based on what the court had before it at the time the ruling was made. 
Id. 
Hearsay
          To preserve a complaint regarding the trial court’s admission of evidence, the
complaining party must not only make a proper objection and get a ruling from the
trial court; that party must also object each time the inadmissible evidence is offered
or obtain a running objection to that evidence. Valle v. State, 109 S.W.3d 500, 509
(Tex. Crim. App. 2003). An error in the admission of evidence is cured if the same
evidence comes in elsewhere without objection. Id. 
          Appellant raised one hearsay objection to McPherson’s testimony regarding
Esquibel’s statements over the police radio during the undercover operation. At that
time, the testimony had not yet been given. The exchange that took place was as
follows:
State:After the suspect gets out . . . what happens to you? 
 
McPherson:Officer Esquibel contacts me by police radio, advises
me that the - -
 
Defense:Objection, Your Honor, hearsay. 
 
State:Your Honor, I’m going to say this is an exception
based on present sense impression, based on continuing investigation,
what’s going on, what he sees and observes. 
 
The Court:All right. Overruled. 
 
State:Yes, sir. 
 
McPherson:Advises me the suspect has his money and is going
to the house on Rosie to purchase narcotics for him, specifically, crack
cocaine, and for everybody to keep an eye on him. 

          “A statement describing or explaining an event or condition made while the
declarant was perceiving the event or condition, or immediately thereafter” is
admissible as an exception to the hearsay rule. Tex. R. Evid. 803(1). Appellant
made his objection before the trial court could know the nature of McPherson’s
hearsay testimony. Based on what the trial court had before it at the time the ruling
was requested by appellant, the trial court did not abuse its discretion in overruling
appellant’s hearsay objection. Appellant did not counter the State’s argument or
renew his objection after it became apparent that the hearsay statement exceeded the
limits of the present-sense-impression exception. 
          In addition, appellant’s cross-examination of McPherson and Hubbard elicited
the following hearsay testimony regarding Esquibel’s statements: 
Defense:By that time does Officer Esquibel indicate to you
that - - that’s when he said he has the money? 
 
McPherson:As soon as he dropped him off and the door shuts, he
started to drive off, he picks up his radio and said, I’m dropping him off
at the house on Rosie. He’s got my money. Keep your eyes on him. 

                    * * *
 
Defense:Did you hear at some point Officer Esquibel said, I
dropped him off at the dope house; he’s got my money; look out for
him? Something like that? Do you remember the transmission of that
nature? 
 
Hubbard:As a matter of fact, I believe, [“]He’s at this location;
he’s got my money; keep your eyes open.[”]

          By failing to object once the nature and extent of the testimony was clearly
before the court and by eliciting the same hearsay testimony on cross-examination of
two witnesses, appellant waived his hearsay complaint regarding the admission of
McPherson’s testimony. 
Right of Confrontation
          Appellant also argues that the admission of hearsay evidence violated his
constitutional right to confront the witness, as established in Crawford v. Washington,
541 U.S. 36, 53–54, 124 S. Ct. 1354, 1369 (2004). To preserve a complaint for
appellate review, a party must make a timely objection that specifically states the
legal basis for the objection. Rezac v. State, 782 S.W.2d 869, 870 (Tex. Crim. App.
1990). An objection stating one legal basis may not be used to support a different
legal theory on appeal. Id. 
          At trial, appellant made only a hearsay objection regarding McPherson’s
testimony. Appellant’s hearsay objection did not preserve his complaint regarding
a violation of his right to confront the witness. Oveal v. State, No. 14-02-01089-CR,
2005 WL 1089187, at *1 n.2 (Tex. App.—Houston [14th Dist.] May 10, 2005, no
pet. h.). 
CONCLUSION
          We overrule appellant’s sole issue and affirm the judgment.
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).