STONE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-289-CR

KEVYN DELAWERENCE STONE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In one issue, appellant Kevyn Delawerance Stone contends that the trial court abused its discretion by denying his motion for mistrial, which was based on the ground that appellant’s counsel was unable to tell whether the jury had seen appellant being brought into the courtroom from the holdover cell in shackles, without first ascertaining whether the jurors had been prejudiced by observing appellant in the courtroom wearing shackles.  Appellant contends that because the jury may have seen him in shackles, the trial court had a duty to either ascertain whether the jury had in fact seen him in shackles or grant a mistrial.  In asking for a mistrial, appellant’s counsel stated that “it appeared from [his] perspective that it was certainly possible” that the jurors had seen appellant in shackles and that he was asking for a mistrial “[f]or that reason, because of the extreme prejudice that results from having a client shackled in front of a jury.”  Appellant did not ask the trial court to question the jurors as to whether they had seen him in shackles, nor did he object when the trial court indicated that it was not going to question the jurors about whether they had seen appellant in shackles. 

Appellant’s objection at trial does not comport with his complaint on appeal.  
See
 
Tex. R. App. P.
 33.1(a)(1)(A); 
Heidelberg v. State
, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  Thus, appellant did not preserve any error on this issue.  We overrule appellant’s sole issue on appeal and affirm the trial court’s judgment. 

PER CURIAM

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 18, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.