COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH

NO. 2-04-289-CR

KEVYN DELAWERENCE STONE                                               APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION [1]

------------
        In one issue, appellant Kevyn Delawerance Stone contends that the trial
court abused its discretion by denying his motion for mistrial, which was based
on the ground that appellant’s counsel was unable to tell whether the jury had
seen appellant being brought into the courtroom from the holdover cell in
shackles, without first ascertaining whether the jurors had been prejudiced by
observing appellant in the courtroom wearing shackles. Appellant contends
that because the jury may have seen him in shackles, the trial court had a duty
to either ascertain whether the jury had in fact seen him in shackles or grant a
mistrial. In asking for a mistrial, appellant’s counsel stated that “it appeared
from [his] perspective that it was certainly possible” that the jurors had seen
appellant in shackles and that he was asking for a mistrial “[f]or that reason,
because of the extreme prejudice that results from having a client shackled in
front of a jury.” Appellant did not ask the trial court to question the jurors as
to whether they had seen him in shackles, nor did he object when the trial court
indicated that it was not going to question the jurors about whether they had
seen appellant in shackles. 
        Appellant’s objection at trial does not comport with his complaint on
appeal. See Tex. R. App. P. 33.1(a)(1)(A); Heidelberg v. State, 144 S.W.3d
535, 537 (Tex. Crim. App. 2004); Bell v. State, 938 S.W.2d 35, 54 (Tex.
Crim. App. 1996), cert. denied, 522 U.S. 827 (1997); Rezac v. State, 782
S.W.2d 869, 870 (Tex. Crim. App. 1990). Thus, appellant did not preserve
any error on this issue. We overrule appellant’s sole issue on appeal and affirm
the trial court’s judgment. 
                                                                  PER CURIAM
PANEL F:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 18, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.