COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-427-CR

 

 

OSCAR ERIC GALVAN                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

MEMORANDUM
OPINION[1]
ON REHEARING

 

                                              ------------

After reconsidering our prior
opinion on appellant Oscar Eric Galvan=s motion for rehearing, we deny the motion, but we withdraw our
memorandum opinion and judgment of June 29, 2006, and substitute the following.








Appellant appeals his conviction
for sexual assault of a child.  In two
points, he complains that the trial court erred by (1) improperly admonishing
him, which rendered his guilty plea involuntary, and (2) failing to submit sex
offender conditions of community supervision in the jury charge.  We affirm.

Appellant, who was
twenty-four, and complainant, who was fifteen, became acquainted through the
internet, and later began to have lengthy telephone conversations.  Complainant lived in Victorville, California,
and appellant lived in Fort Worth, Texas. 
Appellant eventually decided to drive to California with his cousin to
retrieve complainant.  After they picked
up complainant in California, appellant and his cousin drove her back to Fort
Worth, where appellant rented a room at a motel, and he and complainant engaged
in sexual intercourse. 

Appellant pleaded guilty to
sexual assault of a child under seventeen.[2]
After hearing all the evidence, a jury assessed his punishment at seven years= confinement plus a $5,000 fine. 








Before this case was submitted
on appeal, the State challenged the accuracy of the reporter=s record with respect to the trial court=s admonishments and appellant=s request for jury instructions.[3]  We then abated the appeal and directed the
trial court to conduct a hearing to determine whether the reporter=s record accurately reflected that before appellant entered his guilty
plea, the trial court admonished him that he was charged with indecency with a
child, and whether appellant=s trial counsel requested that the sex offender conditions of
community supervision in section 13D of article 42.12 of the code of criminal
procedure be included in the jury charge.[4]  

With regard to whether
appellant was admonished, the trial court found the following:

[I]f
the record were correct[,] the record would recite that [the court] admonished
[appellant] for the offense of sexual assault of a child under the age of 17;
that the first filing by the court reporter was an erroneous recitation of that
event; that the supplemental filing is a correct recitation of that event; and
[the trial court] order[ed] that the court reporter correct the inaccuracy by
filing a certified correction with the appellate court.  

 








In addition, the trial court concluded that the
original reporter=s record
accurately reflected that appellant=s trial counsel had requested that the jury charge include the
conditions of community supervision in article 42.12, section 13D of the code
of criminal procedure.  The trial court
stated, AI find that he said D.  It=s clear to me from listening to the tape here in court that=s what he said.@

In his first point, appellant
argues that the trial court improperly admonished him on indecency with a
child, which rendered his guilty plea involuntary and violated his federal
rights to due process.  The record,
however, shows that appellant was properly admonished for pleading guilty to
sexual assault.  We overrule his first
point. 








In his second point,
appellant contends that the trial court erred by denying his request to include
sex offender conditions of community supervision in the jury charge under
section 13B of article 42.12, along with the regular conditions that were
already included.  The record shows,
however, that appellant requested that the trial court include the conditions
of probation under section 13D, rather than 13B.[5]  Therefore, appellant=s argument was not properly presented to the trial court and is not
preserved for our review.[6]  We overrule appellant=s second point.

Having overruled all of
appellant=s points, we
affirm the trial court=s
judgment.  

 

PER CURIAM

 

PANEL
A:   CAYCE, C.J.; LIVINGSTON and MCCOY,
JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 14, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. '
22.011(a)(2) (Vernon Supp. 2006). 
Appellant contends that he pleaded guilty to indecency with a
child.  The supplemental reporter=s
record and the record from the abatement hearing, however, reflect that
appellant pleaded guilty to sexual assault of a child under seventeen.





[3]Appellant
did not respond to the State=s motion.  The State filed a joint certificate of
conference and service, stating that appellant=s
counsel had no objection to the extension of time and that appellant=s
counsel did not agree that the reporter=s record contained any
inaccuracies that needed to be corrected.





[4]See Tex. Code Crim. Proc. Ann. art.
42.12, ' 13D
(Vernon Supp. 2006). 





[5]See Tex. Code Crim. Proc. Ann. art.
42.12, ' 13B
(Vernon Supp. 2006) (providing conditions of probation for defendants convicted
of a sexual offense against a child, which prevent defendant from participating
in activities involving children and require sex offender counseling), ' 13D
(delineating conditions of probation for a defendant convicted of certain
offenses, which prevent a defendant from entering a particular child safety
zone and prohibit defendant from participating in activities involving
children).  Section 13D expressly states
that it Adoes
not apply to a defendant described by Section 13B.@  Id.
'
13D(c).





[6]See Tex. R. App. P. 33.1(a); Heidelberg v.
State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); Rezac v. State,
782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (all stating that the complaint on
appeal must comport with the complaint made in the trial court or the error is
forfeited).