COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.  2-05-256-CR

 

 

DANA LESLIE WILSON                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. INTRODUCTION








A jury convicted Appellant
Dana Leslie Wilson of attempted capital murder after a plea of not guilty and
assessed punishment at twenty years= confinement.  In one point,
Wilson complains that the trial court improperly restricted her voir dire on
factual allegations contained in the indictment that the State was bound to
prove beyond a reasonable doubt. 

II. FACTUAL AND PROCEDURAL
BACKGROUND

Wilson was a
twenty-four-year-old student at Texas Wesleyan University on November 14,
2003.  That morning, she awoke and gave
birth to a baby boy in her bathroom.  The
baby was healthy when he was born. 
Wilson put the baby in a plastic bag in a trash can and tied the bag
shut.  She placed that bag, along with
other trash, into a larger trash bag and tied it shut.  She left her home to go to class.  On the way, she threw the trash bag into a
nearby dumpster.  When Wilson arrived at
class, her friend noticed that she looked unwell.  Wilson told her friend she had given birth to
a baby that morning and had taken the baby to a hospital.  Wilson=s friend urged her to return home and get medical attention.  Wilson did. 









That same morning, Katherine
Marquis, a veterinarian technician at a local clinic, went to the dumpster and
heard a noise.  She thought the noise was
from a cat.  She returned to the clinic
and reported what she heard to the veterinarian, Dr. Henry Chenault.  He went to the dumpster, climbed in, and
found the trash bag from which the noise was coming.  After carrying the bag back to the clinic,
Dr. Chenault opened the bag and found a baby inside.  The baby was taken to the hospital where the doctors
determined that the baby was newly born. 
Tests revealed that the baby had suffered brain damage caused by oxygen
deprivation as well as blood loss through the cut umbilical cord.  The baby was diagnosed with cerebral
palsy.   

Wilson=s friend eventually called the police department after her mother told
her that a baby had been found in a dumpster. 
Wilson was charged with attempted capital murder.  

Before voir dire began, the
State urged a motion in limine so that the defense could not go into the facts
of the case when questioning the potential jurors.  The trial court granted the motion in
limine.  Upon the defense counsel=s request for the court to clarify its ruling, the court explained
that the parties should not go into the specific factual allegations of the
case.  This restriction included any
mention that the baby was placed inside a plastic bag or that he was abandoned
in the dumpster, because including such facts would violate Standefer. See
Standefer v. State, 59 S.W.3d 177, 179-82 (Tex. Crim App. 2001).  The court also told the attorneys that if
anything came up that the attorneys felt should be made more specific, they
should approach the bench to discuss the issue. 
During voir dire, Wilson=s counsel did not approach the bench to obtain a ruling on any
specific question that he wanted to ask. 


 

 








III. VOIR DIRE

In Wilson=s sole point, she argues that the trial court improperly restricted
her voir dire on factual allegations contained in the indictment that the State
was bound to prove beyond a reasonable doubt. 
The State maintains that Wilson failed to preserve any error for review
because she bases her claim on appeal under the Texas Constitution but she
failed to object on that basis at trial. 
The State also contends that Wilson failed to preserve any error because
she never proposed any questions that she wanted to ask the jury panel.  Alternatively, the State argues that the
trial court did not abuse its discretion by refusing to allow Wilson to go into
the facts of the case during voir dire. 

A.     Preservation of Error

For an issue to be preserved
on appeal, there must be a timely objection that specifically states the legal
basis for the objection.  Rezac v.
State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  Generally, if the appellate record adequately
shows that the trial judge and opposing counsel were aware of the substance of
a defendant=s objection,
thereby meeting the purpose of an objection, the objection is preserved for
appellate review.  Thomas v. State, 723
S.W.2d 696, 700 (Tex. Crim. App. 1986).








The State argues that Wilson=s counsel did not preserve error for review.  We disagree. 
The record reflects that both the trial judge and the prosecutor were
aware that the defense disagreed with the court=s ruling and were aware of the substantive reasons for the defense=s objections.  The first
objection came after the State made a motion in limine for purposes of voir
dire.  The State asked the court to limit
the defense to stating only the elements of the alleged crime and not any
specific facts when questioning potential jurors.  In response to this, Wilson=s counsel stated that he wanted to specifically state the manner and
means of the crime when asking the venire panel whether or not they could give
the full range of punishment in this case.[2]  The court overruled his objection, ruling
that both sides could only state that the Amanner and means@ of the
crime were attempted capital murder of an individual under six years of age and
that a deadly weapon was used.  The
second objection came when Wilson=s counsel wanted to specifically state the manner and means alleged in
the indictment to question the jurors in regards to their exposure to media
coverage.  The State objected to this
request, defense counsel responded by explaining why he desired to ask this question,
and the judge ultimately concluded that defense counsel could not bring the
specific facts up in front of the entire panel. 









To the extent Wilson argues
on appeal that the trial court misinterpreted Standefer and improperly
restricted the scope of voir dire, we hold that she adequately preserved
error.  Both the court and opposing
counsel were made aware that the defense objected to the exclusion of the
manner and means of the crime in regard to questioning potential jurors on
range of punishment and their possible media exposure; thus, defense counsel
made the substance of his objections clear.  See Thomas, 723 S.W.2d at 700.

But to the extent Wilson
argues that Standefer itself improperly truncates a defendant=s absolute right to voir dire guaranteed by the Texas Constitution, we
hold that she failed to preserve error. 
Nothing in the record suggests that Wilson challenged the
constitutionality of the limits imposed by Standefer on voir dire.  Thus, we conclude that Wilson has waived any
such complaint for appeal, and we will restrict our analysis to the trial court=s restriction of voir dire under Standefer.[3]

 

 








B.     Restriction on Voir Dire

To determine whether or not
the trial court improperly restricted Wilson=s voir dire, we must examine the court=s reasoning in excluding the specific facts of the offense.  We leave to the trial court=s discretion the propriety of a particular question, and we will not
disturb the trial court=s discretion
absent an abuse of that discretion.  Sells v. State, 121 S.W.3d 748, 755 (Tex.
Crim. App.), cert. denied, 540 U.S. 986 (2003); Barajas v. State, 93
S.W.3d 36, 38 (Tex. Crim. App. 2002).  A
trial court abuses its discretion only when it prohibits a proper question
about a proper area of inquiry.  Barajas,
93 S.W.3d at 38.








The trial court stated that the inclusion of specific facts into
the questions would violate Standefer.  In Standefer, the court of criminal
appeals defined
the circumstances under which voir dire questions will constitute improper
commitment questions.  Standefer,
59 S.W.3d at 179.  Commitment questions
are those questions that commit a prospective juror to resolve, or to refrain
from resolving, an issue a certain way after learning a particular fact.  Id. 
Not all commitment questions are improper.  A commitment question is proper when the law
requires jurors to make certain types of commitments.  Id.  Thus, the court must decide whether the
question was proper or improper.  Id. at
181-82.  For a question to be a proper
commitment question, one of the possible answers to the question must give rise
to a valid challenge for cause. Id. at 182.  A potential juror may be properly challenged
for cause and removed Aif he cannot impartially
judge the credibility of a witness.@  Ladd v. State, 3 S.W.3d 547, 560 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1070 (2000).  However, even if a question meets the Achallenge for cause@ requirement, the inquiry
does not end there because even a proper commitment question can become
improper if the question includes facts in addition to those necessary to
establish a challenge for cause.  Standefer,
59 S.W.3d at 182.  In other words, a
proper commitment question must contain only those facts necessary to test
whether a prospective juror is challengeable for cause.  Id. at 181.








Here, Wilson argues that the trial court should have permitted her
attorney to include the specific facts regarding the Amanner and means@ of the offense when asking
questions to the prospective jurors concerning their ability to give the full
range of punishment.[4]  The trial court
determined that the inclusion of the specific facts in connection with
punishment-range questions would violate Standefer.  A question about a juror=s ability to consider the full range of punishment for a
particular offense is a proper commitment question.  See id. 
But the question in this case would have shifted from a proper
commitment question to an improper one had the judge permitted counsel to
include the specific facts of the offense as defense counsel requested because
it would have included facts in addition to those necessary to establish a
challenge for cause.  The only facts
necessary to establish a challenge for cause when considering whether the
jurors could give the full range of punishment were specific elements of the
offense, namely attempted capital murder of an individual under six years of
age and that a deadly weapon was used.  See
Tex. Penal Code Ann. ' 19.03(a)(8) (Vernon 2005).  Therefore, the trial court was correct in
excluding the specific facts about the baby being placed in a bag and into a
dumpster and only allowing the elements of the offense to be considered.  We hold that the trial court did not abuse
its discretion, and we overrule Wilson=s sole point.

IV.  CONCLUSION

Having overruled Wilson=s sole
point, we affirm the trial court=s
judgment.

 

ANNE GARDNER

JUSTICE

 

PANEL F:    GARDNER, WALKER, and MCCOY, JJ.

 

MCCOY, J. filed a concurring opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 28,
2006











 
 
 
 
 
 
 




 

 

 

 

 

 

                                               COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.  2-05-256-CR

 

 

DANA LESLIE WILSON                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                    CONCURRING MEMORANDUM OPINION[5]

 

                                              ------------

I
agree with the judgment of the majority in this case, but concur to express a
concern.  Like one of the four dissenters
in Standefer, 

I cannot fathom a reasonCmuch less a principled reasonCfor there to be in voir dire practice such a disparity between
civil and criminal cases. . . . 

A civil litigant in a law suit in
which only property is at stake has a greater right to question potential
jurorsCand thus, a greater right to a fair and impartial juryCthan a criminal defendant whose liberty or life is at stake.








 

Standefer v. State, 59 S.W.3d 177, 185-86 (Tex. Crim. App. 2001) (Price, J.,
dissenting).  Standefer prohibits
certain questions from being asked of the jury, not the factual allegations
made by the State being presented to the jury. 
I cannot imagine why a criminal defendant, whose liberty is at stake,
cannot present to the jury panel at least the facts contained in the
indictment, as was prohibited here. 
Punishment aside, there may be jurors so biased because of a specific
set of facts alleged in a case that the defendant cannot receive a fair
trial.  Surely, the defendant is entitled
to determine the attitudes of the jurors based on the specific factual
allegations of the case, and absolutely at least as recounted in the
indictment, a public document!

 

BOB MCCOY

JUSTICE

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 28,
2006











[1]See Tex. R. App. P. 47.4.





[2] The defense wished to include the
specific facts of the offense, namely that it involved the attempted capital
murder of a newborn by placing the baby in a bag and then into a dumpster. 





[3]Moreover, Wilson did not adequately
brief her constitutional challenge to Standefer.  See Tex.
R. App. P. 38.1(h)
(providing that an appellate court may properly overrule an issue or point as
inadequately briefed if a party provides no argument or legal authority to
support its position); Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim.
App. 2000), cert. denied, 532 U.S. 1053 (2001).

 





[4] While Wilson=s trial court objections rested on
two grounds (punishment phase and media exposure), it appears that her main
contention on appeal lies with the limit on counsel=s ability to include specific facts
when questioning prospective jurors on whether they could give the full
punishment. 





[5]See Tex. R.
App. P. 47.4.