

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00234-CR
_____

AARON PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2015-406,504, Honorable William R. Eichman II, Presiding

_____

November 21, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Aaron Perez, appeals from the revocation of his deferred adjudication community supervision and imposition of sentence. In two issues, appellant contends that the trial court erred by allowing Facebook posts and YouTube music videos related to appellant's rap music career to be used as punishment evidence. We affirm the judgment of the trial court.

## Background

In 2016, appellant pleaded guilty to aggravated assault with a deadly weapon, a second-degree felony.[1] The trial court deferred further proceedings without entering an adjudication of guilt and placed appellant on community supervision for ten years.

Thereafter, the State filed a motion to proceed with adjudication of guilt, asserting that appellant violated multiple conditions of his community supervision. Appellant pleaded "true" to four of the twelve allegations. The trial court conducted a hearing on the State's motion over several days in April and May of 2018. In addition to other evidence, the trial court heard testimony related to appellant's activities as a rap musician. Witnesses indicated that appellant was involved in a rap group known as the "Cartel Boyz" and a music company called Street Made Entertainment. The State introduced social media posts and music videos featuring appellant with lyrics and images referencing gang activity, drug trafficking, and violence. Following the hearing, the trial court sentenced appellant to twenty years' confinement in TDCJ. Appellant timely appealed.

## Law and Analysis

Appellant argues that this case is not about guilt or innocence, but about punishment. He contends that he received the maximum punishment possible, a twenty-year sentence, based on a reputation portrayed by his rap music and artistic persona, rather than his actual conduct.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2019).

<u>Alleged First Amendment Violation</u>

In his first issue, appellant asserts that the introduction of reputation evidence consisting of music videos and social media posts violated his First Amendment rights because the evidence conflated his artistic persona with his actual person. According to appellant, the evidence related to his rap career highlighted his artistic expression about criminal activity rather than any actual criminal wrongdoing. He contends that by considering the expressions of his rap persona as factual depictions of his life, the trial court punished his exercise of free speech.

Before considering the merits of appellant's claim, we address the State's contention that appellant failed to preserve his claim that the use of this evidence violated his First Amendment rights. To complain of error on appeal, there must be a timely objection which specifically states the legal basis for the objection. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). An objection in the trial court stating one legal theory may not be used to support a different legal theory on appeal. *Id.*

Appellant objected to this evidence at trial, but not on First Amendment grounds. Because appellant's objections at trial do not comport with appellant's claim on appeal that his First Amendment rights were violated, he failed to preserve error on this issue. *See Pondexter v. State*, 942 S.W.2d 577, 585 (Tex. Crim. App. 1996) (appellant failed to preserve claim alleging that his First Amendment and Fourteenth Amendment rights were violated by admission of evidence of gang affiliations and activities when no objection was made at trial on those grounds). We accordingly overrule appellant's first issue.

<u>Probative Value of Evidence</u>

In his second issue, appellant asserts that the evidence of his involvement in "gangsta rap" culture should have been excluded under Texas Rule of Evidence 403, because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. Appellant concludes that the admission of the evidence caused the trial court to render judgment on an improper basis.

As with appellant's first issue, the State contends that appellant's second issue was not preserved for appellate review. Rule 403 must be specifically invoked in the trial court in order to preserve error under that rule. *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991) (op. on reh'g). Because appellant did not raise this contention at trial, it has not been preserved for our review. *Rezac*, 782 S.W.2d at 870. We overrule appellant's second issue.

### Conclusion

Having overruled both of appellant's points of error, we affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.