COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-259-CR

 

 

PADEN CLAY                                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.
Introduction

A jury found Paden Clay
guilty of aggravated assault and assessed his punishment at twenty-five years= imprisonment.  The trial court
sentenced him accordingly.  In three
points, Paden appeals his conviction.  We
affirm.

 

 








II.
Factual Sufficiency

In his third point, Paden
appears to argue that the evidence is factually insufficient to support his
conviction because two of the State=s witnesses were not credible. 
Although Paden poses no standard of review for us to use, he does cite
to one case that articulates the standard of review for factual
sufficiency.  See Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Additionally, Paden cites no authority for his substantive assertion of
error.  Nevertheless, in the interest of
justice, we will address the merits of Paden=s complaint.[2]  See Deckard v. State, 953 S.W.2d 541,
543 (Tex. App.CWaco 1997, pet.
ref=d).

A. Standard of Review








In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment and, weighing all of the evidence, the contrary evidence is so strong
that guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id. 
      In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482.  








A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. Evidence at Trial








Here, Anthony Clay, appellant=s brother, testified that he and Paden had recently purchased a car
together.  However, after Anthony heard
that Paden had been Adriving the
car crazy around in a circle, drunk, shooting in the air,@ he became concerned and asked Paden to either return the car to him
or Aget it out of [his] name.@  Paden did not return the car
and Anthony learned that Paden had tried to have the car=s registration changed but had been refused because he did not have a
Texas driver=s license
and had been unable to pay the tag and title fees.  Soon after, Anthony took the car without
warning Paden and hid it in his girlfriend=s garage, intending to return it to the car dealer the next
morning.  Later that night, Paden
approached the bedroom window where Anthony and his girlfriend, Jacqueline
Green, were sleeping and demanded that Anthony come outside and talk to
him.  Anthony refused and about thirty to
forty-five minutes later, a shot was fired through the bedroom window.  Anthony then observed Paden kick in the front
door and enter the residence with a gun in his hand.  Seeing Paden walk towards the bedroom with a
pistol in his hand, Anthony slammed the bedroom door shut.  However, Paden attempted to force open the
door and shouted, ACome out
[of] the room, punk ass nigger.  I told
you I=d kill you.  Give me my mother fucking
car.@  Paden then fired two shots
through the door, grazing Anthony in the head. 
At that point, Anthony opened the bedroom door and led Paden to the
garage.  When Paden looked away, Anthony
fled down the street.  The car was later
found parked in front of Anthony and Paden=s niece=s house.

Jacqueline Green=s testimony confirmed Anthony=s rendition of the shooting. 
Green testified that at about two o=clock in the morning, she heard Paden plead with Anthony to come
outside and that thirty to forty-five minutes later she heard a gunshot and
felt glass and wood shatter over her face. 
After running to her children=s bedroom, she stated that she heard Paden in the house shouting, AI don=t give a
damn about you.  I=ll kill you.@  She then heard two more shots before she
heard Anthony exclaim, ANo man.  You can have the car.@  Green said that she heard at
least one more shot before she glimpsed Anthony=s car driving away from the house. 








Paden argues that neither of
these witnesses are credible because they both had motive to lie at trial.[3]  Consequently, he appears to assert that the
evidence is factually insufficient to support the verdict.  However, Paden fails to recognize that it is
not his, the State=s, or even
this court=s place to
interpret the evidence; it is the jury=s.  Zuniga, 144 S.W.3d at
481; Cain, 958 S.W.2d at 407.  It
is the jury who has the opportunity to observe the demeanor of all the
participants at trial, and it is the jury who must exclusively judge the
credibility of the testimony.  Zuniga,
144 S.W.3d at 481; Cain, 958 S.W.2d at 407.  Therefore, viewing the evidence in a neutral
light, we cannot say that the evidence supporting the verdict is too weak to
support the finding of guilty beyond a reasonable doubt or that the contrary
evidence is so strong that guilt cannot be proven beyond a reasonable
doubt.  See Zuniga, 144 S.W.3d at
484‑85.  We overrule Paden=s third point.

III.
Admission of 911 Tape 








In his first point, Paden
asserts that the trial court abused its discretion by admitting a 911 tape
recording made by a witness who was awakened by the sound of gunshots in the
neighborhood because the evidence was cumulative and prejudicial.  In addition, he asserts that the admission of
the tape recording improperly Abolstered@ the witness=s credibility.  As in his third
point, Paden offers very little authority to support his arguments.  He provides no authority to support his
contention that the 911 tape evidence was cumulative with respect to the other
evidence that would be presented.  Nor
does he cite any authority to support his assertion that the  admission of the 911 tape improperly
bolstered the witness=s
credibility.  Therefore, we find that
these arguments have been forfeited due to inadequate briefing on appeal.  See Tex.
R. App. P. 38.1(h); Jackson v. State, 50 S.W.3d 579, 591 n.1
(Tex. App.CFort Worth
2001, pet. ref=d)
(explaining that by raising an issue and failing to present any argument or
authority on that issue, the party forfeits that issue). 

Paden also argues that the
911 tape evidence was unfairly prejudicial because he was not given an
opportunity to confront or cross-examine the 911 operator.  However, Paden did not make this objection at
trial.  Instead, he objected to this
evidence on the basis that it would improperly Aprejudice [the] jury from the standpoint of emotion and outrage.@  The complaint made on appeal must
comport with the complaint made in the trial court or the error is
forfeited.  Heidelberg v. State,
144 S.W.3d 535, 537 (Tex. Crim. App. 2004); Bell v. State, 938 S.W.2d
35, 54 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827 (1997); Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  Therefore, because Paden=s argument on
appeal differs from the argument raised in the trial court, he has forfeited
this issue.  See Tex. R. App. P. 33.1(a)(1); Mendez v. State, 138
S.W.3d 334, 342 (Tex. Crim. App. 2004); Rezac, 782 S.W.2d at 870.  We
overrule Paden=s first
point.

IV.  Admission of Identification Testimony








In his second point, Paden
asserts that the trial court abused its discretion by admitting the hearsay
testimony of Officer Erwin, the police officer who testified that Anthony
identified Paden as the person who had shot him.  He asserts that the admission of this hearsay
statement denied him his right to confront and cross-examine his accuser at
trial.  To preserve error on
Confrontation Clause grounds, an objection must be made at trial as soon as the
basis for such objection becomes apparent. 
Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000), cert.
denied, 531 U.S. 1128 (2001).  An
objection on hearsay does not preserve error on Confrontation Clause grounds.  Paredes v. State, 129 S.W.3d 530, 535
(Tex. Crim. App. 2004).  A trial, Paden
did not object on Confrontation Clause grounds. 
Because Paden=s point on
appeal does not comport with the objection made at trial, he has forfeited this
point.  See Banda v. State, 890
S.W.2d 42, 62 (Tex. Crim. App. 1994), cert. denied, 515 U.S. 1105
(1995).  Accordingly, Paden=s second point is overruled.

V.
Conclusion

Having overruled all three of Paden=s points, we affirm the trial
court=s
judgment.

 

PER CURIAM

 

PANEL F:    MCCOY, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH








Tex. R. App. P. 47.2(b)

 

DELIVERED:
May 4, 2006

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]AIn a factual sufficiency challenge,
a summary of the relevant testimony or other evidence relevant to the specific
element being challenged, along with appropriate citations to authorities and
the record, should be contained in the brief with an analysis of the
standard of review.@ 
Gallegos v. State, 76 S.W.3d 224, 228 (Tex. App.CDallas 2002, pet. ref=d) (emphasis added).

 





[3]Paden argues that Green=s testimony was based on what
Anthony had told her about the shooting and that she never actually saw Paden
at any time on the night of the shooting. 
He also contends that Anthony lied by not disclosing the other reasons
he may have been shot, including his membership in a gang and his dope
dealings.