COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-05-376-CR

 

 

MARCUS ALVAREZ                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                           MEMORANDUM
OPINION[1]

 

                                               ------------ 


 

INTRODUCTION

 








Appellant Marcus Alvarez
appeals his conviction for murder.  In
two points, he contends that the trial court abused its discretion during the
guilt-innocence phase of his trial by refusing to admit opinion testimony about
the victim=s bad
reputation for being peaceful and law-abiding and by admitting evidence about
appellant=s
association with a gang.  We affirm.

BACKGROUND

At appellant=s trial for murder, the evidence established that on February 13,
2004, appellant shot Antonio Mercado, his friend, multiple times.  Mercado died as a result. 

Appellant=s theory at trial was that he shot Mercado in self-defense.  He testified that he was afraid of Mercado
because Mercado suspected appellant of burglarizing his house and Mercado had
implicitly threatened him by reminding him that he had once shot two other men
and had almost wounded their parents for betraying him.  In his tape-recorded confession six hours
after the murder, appellant explained that on the day of the murder, his mother
and his sister seemed frightened of Mercado, Mercado Alooked mad@ when he
came to appellant=s house,
Mercado did not call, as he normally did, before he came over, and appellant
saw Aa little chrome@ weapon in
Mercado=s hand before he shot him, although he Adidn=t know@ whether it was a gun.  

After hearing the evidence, a
jury convicted appellant of murder and assessed his punishment at twenty-five
years= imprisonment.  This appeal
followed.    








REPUTATION EVIDENCE

In his first
point, appellant asserts that the trial court abused its discretion by refusing
to admit opinion testimony about Mercado=s bad reputation for being peaceful and law-abiding because the
testimony was relevant to show that the victim was the first aggressor. 

Appellant attempted to elicit
opinion testimony during the cross examination of Juanita Ibarra, appellant=s cousin, who knew Mercado for one year.  Appellant asked Ibarra whether she was aware
of Mercado=s Areputation as a peaceful and law-abiding citizen.@  The prosecutor objected that
appellant had not laid the proper predicate to ask the question.  The trial court sustained the objection.[2]









Without deciding whether it
was error for the trial court to exclude testimony regarding Mercado=s bad reputation for being peaceful and law-abiding, we hold that the
trial court=s exclusion
of the evidence was harmless because similar evidence was admitted through the
same witness and two other witnesses later in the trial.[3]  Specifically, during her cross-examination,
Ibarra admitted that she had two reasons, 

[b]ased
on what [she] knew of [Mercado=s] reputation for being a
peaceful and law-abiding person . . . [that] there might be a reason that
[appellant] could be scared of him. 

 

She also agreed that Mercado was Aa person that it wasn=t good to cross.@  In addition, defense counsel elicited an
opinion from two other witnesses for the defense that Mercado had a bad
reputation for being a peaceful and law-abiding citizen.  Therefore, any harm resulting from the trial
court=s exclusion of Ibarra=s opinion regarding Mercado=s bad reputation for being peaceful and law-abiding was cured by the
subsequent testimony of Ibarra and the two other defense witnesses.[4]
We overrule appellant=s first
point.  

 

 

 

 








EVIDENCE OF GANG AFFILIATION

In his second point,
appellant asserts that the trial court abused its discretion by admitting
evidence about appellant=s connection
to a street gang because it was irrelevant and unduly prejudicial under rule
403.[5]  

After a hearing on the
admissibility of evidence regarding appellant=s connection to a street gang, the trial court permitted the
prosecutor to ask appellant the following questions during cross examination:

[Prosecutor]:
Mr. Alvarez, you said that you were scared because Tony Mercado had asked you
if you were a snitch, correct, or if you were a fed?

 

[Appellant]:
Yes, sir.

 

. . .
. 

 

[Prosecutor]:
And Tony Mercado knew you weren=t a [snitch] because you=re a
gangster, right?

 

[Appellant]:
Well, was he B was
he B








. . .
.

 

[Prosecutor]:
You=re a
member of Barrio Northside, aren=t you?

 

[Appellant]:
No, sir.

 

The prosecutor then elicited testimony from
appellant that he pleaded guilty to assault in January of 2003, that the
incident leading up to his arrest in that case involved appellant riding in a
car with some Barrio Northside gang members, that the three other people who
pleaded guilty to the same offense were members of the same gang, and that
appellant had friends who were gang members.

A trial court=s decision to admit or exclude evidence is reviewed under an abuse of
discretion standard.[6]  We will not reverse a trial court=s ruling unless that ruling falls outside the zone of reasonable
disagreement.[7]








Rule 401 defines Arelevant evidence@ as Aevidence
having any tendency to make the existence of any fact that is of consequence to
the determination of the action more probable or less probable than it would be
without the evidence.@[8]  Rule 403 provides that even
relevant evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice.[9]   Unfair prejudice refers to Aan undue tendency to suggest decision on an improper basis such as an
emotional one.@[10]  Rule 403 favors admissibility
and contains a presumption that relevant evidence will be more probative than
prejudicial.[11]

In this case, the trial court
admitted the evidence concerning appellant=s connection to gang activities after appellant asserted during direct
examination that he shot Mercado out of self-defense because he Afeared for [his] life and the life of [his] families.@  Appellant also explained that
the events of the shooting remain unclear to him because Ait=s not like I
kill people on a regular daily basis . . . it shocked me to kill someone@ and that he had never killed anyone before. 








The evidence of appellant=s connection to gang activities is relevant to rebut appellant=s assertion that he is not a violent person and tended to make it more
probable than not that appellant was willing to use deadly force in situations
in which he was not directly or immediately threatened with serious bodily
injury or death.  The fact that appellant
was willing to use deadly force in situations in which he was not directly
threatened makes it more probable than not that appellant was not acting in
self defense when he shot Mercado. 
Therefore, the evidence of appellant=s connection with a street gang was relevant in this case. 








In addition, appellant=s participation in a gang-related assault was highly probative because
it rebutted appellant=s earlier
assertion that he was not violent and it showed appellant=s willingness to use deadly force under conditions in which he was not
directly or immediately threatened.  The
likelihood that the evidence impressed the jury in an irrational, yet indelible
way is slight.  The evidence was not
graphic or horrific and, in fact, appellant never admitted that he was ever a
member of the street gang.  The time
needed to develop the evidence was minimal; the prosecutor asked approximately
nine questions about the Barrio Northside gang but asked appellant eighty other
questions regarding other issues. 
Further, the State=s need for
the evidence was high because there was no eyewitness to the shooting, and
nothing to directly rebut appellant=s claim that Mercado was the first aggressor or that before the
shooting, appellant saw Aa little
chrome@ weapon in Mercado=s hand and, fearing his violent nature, shot Mercado as he approached
the front door.  Therefore, we conclude
that the probative value of the evidence in question was not substantially
outweighed by any unfair prejudice. 

For all of these reasons, we
conclude that the trial court did not abuse its discretion by admitting
evidence of appellant=s connection
to gang activities.  We overrule
appellant=s second
point. 

CONCLUSION

Having overruled appellant=s two points, we affirm the trial court=s judgment.  

PER CURIAM

PANEL A: 
CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
January 18, 2007         

 











[1]See Tex. R. App. P. 47.4.





[2]The
trial court overruled the prosecutor=s objection that the question
was irrelevant. 





[3]See
Leday v. State, 983 S.W.2d 713, 717-18 (Tex. Crim. App. 1998)
(holding that improper admission of evidence is not reversible error if the
same facts are shown by other unchallenged evidence admitted before or after
the  improperly admitted evidence).   





[4]See
Lane v. State, 151 S.W.3d 188, 192-93 (Tex. Crim. App. 2004)
(stating that an error in the admission of evidence is cured when the same
evidence comes in elsewhere without objection).





[5]See Tex. R. Evid. 401, 403.  In his brief, appellant also asserts that the
trial court improperly admitted evidence of his gang connections as improper
character evidence in violation of rule 404(b). 
This argument, however, was not presented to the trial court.  See Heidelberg v. State, 144 S.W.3d
535, 537 (Tex. Crim. App. 2004) (stating that in order to preserve error, the
objection at trial must comport with the complaint on appeal); Rezac v.
State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (holding that an argument
is not preserved for appellate review if the trial court did not have an
opportunity to rule on it). Therefore, this argument is forfeited.  See Tex.
R. App. P. 33.1(a); Mendez v. State, 138 S.W.3d 334, 342 (Tex.
Crim. App. 2004) (both stating when a party fails to raise an argument
at trial, it is forfeited). 





[6]Burden
v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  





[7]Id.





[8]Tex. R. Evid. 401.





[9]Tex. R. Evid. 403; Rayford v. State,
125 S.W.3d 521, 529 (Tex. Crim. App. 2003), cert. denied, 543 U.S. 823
(2004).





[10]Newberry
v. State, 135 S.W.3d 22, 43 (Tex. Crim. App., cert.
denied, 543 U.S. 990 (2004).  





[11]Rayford, 125
S.W.3d at 529; Hayes v. State, 85 S.W.3d 809, 815 (Tex. Crim. App.
2002).