COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-05-376-CR

MARCUS ALVAREZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)

  ------------  

INTRODUCTION

Appellant Marcus Alvarez appeals his conviction for murder.  In two points, he contends that the trial court abused its discretion during the guilt-innocence phase of his trial by refusing to admit opinion testimony about the victim’s bad reputation for being peaceful and law-abiding and by admitting evidence about appellant’s association with a gang.  We affirm.

BACKGROUND

At appellant’s trial for murder, the evidence established that on February 13, 2004, appellant shot Antonio Mercado, his friend, multiple times.  Mercado died as a result. 

Appellant’s theory at trial was that he shot Mercado in self-defense.  He testified that he was afraid of Mercado because Mercado suspected appellant of burglarizing his house and Mercado had implicitly threatened him by reminding him that he had once shot two other men and had almost wounded their parents for betraying him.  In his tape-recorded confession six hours after the murder, appellant explained that on the day of the murder, his mother and his sister seemed frightened of Mercado, Mercado “looked mad” when he came to appellant’s house, Mercado did not call, as he normally did, before he came over, and appellant saw “a little chrome” weapon in Mercado’s hand before he shot him, although he “didn’t know” whether it was a gun.  

After hearing the evidence, a jury convicted appellant of murder and assessed his punishment at twenty-five years’ imprisonment.  This appeal followed.    

REPUTATION EVIDENCE

In his first point, appellant asserts that the trial court abused its discretion by refusing to admit opinion testimony about Mercado’s bad reputation for being peaceful and law-abiding because the testimony was relevant to show that the victim was the first aggressor. 

Appellant attempted to elicit opinion testimony during the cross examination of Juanita Ibarra, appellant’s cousin, who knew Mercado for one year.  Appellant asked Ibarra whether she was aware of Mercado’s “reputation as a peaceful and law-abiding citizen.”  The prosecutor objected that appellant had not laid the proper predicate to ask the question.  The trial court sustained the objection.
(footnote: 2) 

Without deciding whether it was error for the trial court to exclude testimony regarding Mercado’s bad reputation for being peaceful and law-abiding, we hold that the trial court’s exclusion of the evidence was harmless because similar evidence was admitted through the same witness and two other witnesses later in the trial.
(footnote: 3)  Specifically, during her cross-examination, Ibarra admitted that she had two reasons, 

[b]ased on what [she] knew of [Mercado’s] reputation for being a peaceful and law-abiding person . . . [that] there might be a reason that [appellant] could be scared of him. 

She also agreed that Mercado was “a person that it wasn’t good to cross.”  In addition, defense counsel elicited an opinion from two other witnesses for the defense that Mercado had a bad reputation for being a peaceful and law-abiding citizen.  Therefore, any harm resulting from the trial court’s exclusion of Ibarra’s opinion regarding Mercado’s bad reputation for being peaceful and law-abiding was cured by the subsequent testimony of Ibarra and the two other defense witnesses.
(footnote: 4) We overrule appellant’s first point.  

EVIDENCE OF GANG AFFILIATION

In his second point, appellant asserts that the trial court abused its discretion by admitting evidence about appellant’s connection to a street gang because it was irrelevant and unduly prejudicial under rule 403.
(footnote: 5)  

After a hearing on the admissibility of evidence regarding appellant’s connection to a street gang, the trial court permitted the prosecutor to ask appellant the following questions during cross examination:

[Prosecutor]: Mr. Alvarez, you said that you were scared because Tony Mercado had asked you if you were a snitch, correct, or if you were a fed?

[Appellant]: Yes, sir.

. . . . 

[Prosecutor]: And Tony Mercado knew you weren’t a [snitch] because you’re a gangster, right?

[Appellant]: Well, was he – was he –

. . . .

[Prosecutor]: You’re a member of Barrio Northside, aren’t you?

[Appellant]: No, sir.

The prosecutor then elicited testimony from appellant that he pleaded guilty to assault in January of 2003, that the incident leading up to his arrest in that case involved appellant riding in a car with some Barrio Northside gang members, that the three other people who pleaded guilty to the same offense were members of the same gang, and that appellant had friends who were gang members.

A trial court’s decision to admit or exclude evidence is reviewed under an abuse of discretion standard.
(footnote: 6)  We will not reverse a trial court’s ruling unless that ruling falls outside the zone of reasonable disagreement.
(footnote: 7)
 Rule 401 defines “relevant evidence” as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”
(footnote: 8) 
 Rule 403 provides that even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.
(footnote: 9)   Unfair prejudice refers to “an undue tendency to suggest decision on an improper basis such as an emotional one.”
(footnote: 10)  Rule 403 favors admissibility and contains a presumption that relevant evidence will be more probative than prejudicial.
(footnote: 11)
 In this case, the trial court admitted the evidence concerning appellant’s connection to gang activities after appellant asserted during direct examination that he shot Mercado out of self-defense because he “feared for [his] life and the life of [his] families.”  Appellant also explained that the events of the shooting remain unclear to him because “it’s not like I kill people on a regular daily basis . . . it shocked me to kill someone” and that he had never killed anyone before. 

The evidence of appellant’s connection to gang activities is relevant to rebut appellant’s assertion that he is not a violent person and tended to make it more probable than not that appellant was willing to use deadly force in situations in which he was not directly or immediately threatened with serious bodily injury or death.  The fact that appellant was willing to use deadly force in situations in which he was not directly threatened makes it more probable than not that appellant was not acting in self defense when he shot Mercado.  Therefore, the evidence of appellant’s connection with a street gang was relevant in this case. 

In addition, appellant’s participation in a gang-related assault was highly probative because it rebutted appellant’s earlier assertion that he was not violent and it showed appellant’s willingness to use deadly force under conditions in which he was not directly or immediately threatened.  The likelihood that the evidence impressed the jury in an irrational, yet indelible way is slight.  The evidence was not graphic or horrific and, in fact, appellant never admitted that he was ever a member of the street gang.  The time needed to develop the evidence was minimal; the prosecutor asked approximately nine questions about the Barrio Northside gang but asked appellant eighty other questions regarding other issues.  Further, the State’s need for the evidence was high because there was no eyewitness to the shooting, and nothing to directly rebut appellant’s claim that Mercado was the first aggressor or that before the shooting, appellant saw “a little chrome” weapon in Mercado’s hand and, fearing his violent nature, shot Mercado as he approached the front door.  Therefore, we conclude that the probative value of the evidence in question was not substantially outweighed by any unfair prejudice. 

For all of these reasons, we conclude that the trial court did not abuse its discretion by admitting evidence of appellant’s connection to gang activities.  We overrule appellant’s second point. 

CONCLUSION

Having overruled appellant’s two points, we affirm the trial court’s judgment.  

PER CURIAM

PANEL A:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 18, 2007  

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The trial court overruled the prosecutor’s objection that the question was irrelevant. 

3:
See Leday v. State
, 983 S.W.2d 713, 717-18 (Tex. Crim. App. 1998) (holding that improper admission of evidence is not reversible error if the same facts are shown by other unchallenged evidence admitted before or after the  improperly admitted evidence).   

4:
See Lane v. State
, 151 S.W.3d 188, 192-93 (Tex. Crim. App. 2004) (stating that an error in the admission of evidence is cured when the same evidence comes in elsewhere without objection).

5:
See 
Tex. R. Evid.
 401, 403.  In his brief, appellant also asserts that the trial court improperly admitted evidence of his gang connections as improper character evidence in violation of rule 404(b).  This argument, however, was not presented to the trial court.  
See Heidelberg v. State
, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) (stating that in order to preserve error, the objection at trial must comport with the complaint on appeal); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (holding that an argument is not preserved for appellate review if the trial court did not have an opportunity to rule on it). Therefore, this argument is forfeited.  
See 
Tex. R. App. P.
 33.1(a);
 Mendez v. State
, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004)
 
(both stating when a party fails to raise an argument at trial, it is forfeited). 

6:
Burden v. State
, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  

7:
Id.

8:
Tex. R. Evid.
 401.

9:
Tex. R. Evid
. 403; 
Rayford v. State
, 125 S.W.3d 521, 529 (Tex. Crim. App. 2003), 
cert. denied
, 543 U.S. 823 (2004).

10:
Newberry v. State
, 135 S.W.3d 22, 43 (Tex. Crim. App., 
cert. denied
, 543 U.S. 990 (2004).  

11:
Rayford
, 125 S.W.3d at 529
; 
Hayes v. State
, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002).