**Affirmed and Opinion Filed December 18, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00112-CR

### MICHAEL SHANE CAMACHO, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 6
Collin County, Texas
Trial Court Cause No. 006-80675-2014**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

A jury convicted Michael Shane Camacho of theft of property valued at $50 or more but less than $500 and assessed punishment, enhanced by prior convictions, at 180 days in jail and a $2000 fine. In two issues, appellant argues the trial court erred by admitting a copy of the Sam's Club incident report and the prosecutor made an improper closing argument at punishment. We affirm.

Evidence at trial showed that appellant went into a Sam's Club store in McKinney, Texas, put two Blu-ray DVDs in his jacket, and walked out of the store without paying. When an asset protection employee approached appellant and asked him to return to the store, appellant responded, "You can't tackle me," and took off running. Appellant got into a vehicle and left.

The employee wrote down the vehicle's license plate number and called the McKinney police, who ultimately identified appellant as the culprit.

In his first issue, appellant contends the trial court abused its discretion by admitting the four-page "Incident Reporting" report completed by the asset protection employee following the theft. He argues the report was inadmissible hearsay that did not fall within any exclusions because it was prepared in anticipation of litigation. Having reviewed the record, we conclude appellant did not preserve this complaint.

When the exhibit was offered below, appellant objected that he had not had a chance to look at the document. The trial court allowed him time to review the document and then admitted it into evidence. After the document was admitted, appellant asked to take the witness on voir dire, which the trial court allowed. At the conclusion, appellant said he was going to "object to portions of it," without identifying any particular portion, and said the exhibit contained "double hearsay." The trial court overruled his hearsay objection.

To preserve error for appellate review, a defendant must make a timely, specific objection in the trial court. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); TEX. R. APP. P. 33.1(a)(1)(A). An objection stating one legal basis may not be used to support a different legal basis on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). A specific objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). In addition, it affords opposing counsel an opportunity to remove the objection or supply other testimony. *Id.*

Although appellant's hearsay objection was made after the exhibit was admitted, assuming it was timely, it was not sufficient to apprise the trial court of the complaint appellant is now making on appeal. At no point did he complain that the document was inadmissible

because it was prepared in anticipation of litigation; rather, he asserted the document contained "double hearsay." We conclude his complaint is not preserved. *See Beasley v. State*, No. 01-04-00989-CR, 2005 WL 3005593, at \*3 (Tex. App.—Houston [1st Dist.] Nov. 10, 2005, pet. ref'd) (mem. op., not designated for publication) (concluding general hearsay objection did not preserve complaint that report was prepared in anticipation of litigation). We overrule the first issue.

In his second issue, appellant complains about the following closing argument made by the State at punishment:

> . . .Believe it or not, this is a probation-eligible case. If he had submitted the proper documentation to the Judge, you'd be considering probation. But he didn't submit that because he doesn't want to be on probation. Because he doesn't want to have someone looking over his shoulder. He just wants punishment.

Appellant argues that evidence was presented that he had two prior convictions, a felony and state jail felony, and therefore was not eligible for probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4(d) (West Supp. 2015). Thus, he contends the prosecutor's argument was a "gross misrepresentation of the law to the jury."

To preserve improper jury argument for appellate review, a defendant must object and pursue the objection to an adverse ruling, otherwise he forfeits his right to complain about the argument on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Here, appellant did not object and has therefore forfeited his complaint. We overrule the second issue.

We affirm the trial court's judgment.


Do Not Publish
TEX. R. APP. P. 47.2(b)
150112F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL SHANE CAMACHO, Appellant

No. 05-15-00112-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 6, Collin County, Texas
Trial Court Cause No. 006-80675-2014.
Opinion delivered by Justice Francis; Justices Evans and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 18, 2015.