

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00728-CR

Miguel Hugo **BARRAZA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR4160
Honorable Lorina I. Rummel, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  February 1, 2017

AFFIRMED

Miguel Hugo Barraza was charged with possession of a controlled substance after he was detained by a security guard at a nightclub and police found cocaine during a search incident to arrest for public intoxication.  A jury convicted Barraza and he timely appealed.  We affirm the trial court's judgment.

### BACKGROUND

The trial evidence showed that on the evening of December 6, 2013, Barraza attempted to enter the Lucky Monkey nightclub.  The club employed a commissioned and uniformed security

guard, Raymond Reyes,[1] who was tasked with conducting pat-downs to look for drugs and weapons on patrons before they were permitted to enter the club. When Barraza approached, Reyes asked him to turn around and submit to a pat-down. As Barraza was turning, Reyes noticed a plastic bag sticking out of Barraza's front "fifth coin pocket." As Reyes's pat-down moved to Barraza's front right coin pocket, Barraza grabbed Reyes's wrist, which Reyes took as a sign of aggression. Reyes began trying to push Barraza out the front door while Barraza tried to force his way inside, telling Reyes it was "nothing" and he came to the club all the time. Reyes stated that during their struggle Barraza was reaching "for whatever substance was in his pocket or for a weapon," but Reyes did not know which. Reyes succeeded in forcing Barraza out of the front door and Reyes stated he intended to detain Barraza at that point and give him a criminal trespass warning so that if Barraza returned, he could be arrested on sight. But, Barraza continued to struggle with Reyes, grabbing on to Reyes's shirt and trying to push him down. Reyes resisted and in turn tried to push Barraza down, but Barraza slipped out of Reyes' grip and ran into the parking lot. Barraza slipped and fell and Reyes caught up to him. Reyes put his weight on top of Barraza, told him he was being detained, and handcuffed him. Reyes then called the police, along with EMS because Barraza complained that he had hurt his leg. Reyes testified he detained Barraza and called the police because Barraza had committed offenses within Reyes's view by assaulting him (Reyes) and by committing criminal trespass by forcing himself inside the club. Reyes testified he did not arrest Barraza but merely detained him until the police arrived.

When the police officers arrived, Reyes stated he told them what had happened and also mentioned the plastic bag he had seen protruding from Barraza's coin pocket. After speaking with Reyes, Officer Freddy Rodriguez questioned Barraza about the night's events while he was in the

---

[1] Reyes testified he was not a law enforcement officer, but had completed the training to receive his commission from the Texas Department of Public Safety as a security guard.

ambulance and observed that Barraza was "highly intoxicated." Both Officer Rodriguez and his partner Officer Mario Montoya testified that they believed Barraza was a danger to himself or others in his current state. Officer Montoya placed Barraza under arrest for public intoxication and stated he intended to give Barraza a ticket and allow his brother to take him home. However, when Officer Montoya conducted a search of Barraza's person with Barraza's consent and incident to his arrest, he found a plastic baggie containing a white substance inside the fifth pocket of Barraza's pants. The substance tested positive as cocaine and Barraza was charged with possession of a controlled substance.

Barraza testified at trial that it was Reyes who was initially aggressive with him during the pat-down. Barraza decided to leave the club and ran into the parking lot. Barraza stated that Reyes pursued him and pushed him down, put his knee on his neck, and handcuffed him. According to Barraza, Reyes reached inside Barraza's pockets, took his wallet out and stole some of his money, and planted the plastic baggie with cocaine in his front coin pocket. Barraza's friend also testified and corroborated Barraza's version of the events.

A jury found Barraza guilty of possession of a controlled substance, less than one gram of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010) (state jail felony). The trial court sentenced Barraza to two years' confinement in state jail and imposed a $1,500 fine. The court suspended the term of confinement, however, and placed Barraza on community supervision for a period of three years. Barraza now appeals.

## ANALYSIS

On appeal, Barraza argues the trial court erred in denying his pre-trial motion to suppress the drug evidence because the security guard, Reyes, conducted a warrantless arrest which was not authorized by article 14.01 of the Code of Criminal Procedure because no felony was committed within Reyes's view and there was no breach of the peace by Barraza. TEX. CODE CRIM. PROC.

ANN. art. 14.01(a) (West 2015) ("A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace."). Alternatively, Barraza argues that Reyes conducted a temporary detention which was not supported by reasonable suspicion of criminal activity.

To be preserved, Barraza's arguments on appeal must comport with the grounds for suppression he raised in the trial court. TEX. R. APP. P. 33.1(a); *Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). A trial objection based on one legal theory may not be used to support a different legal theory on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).

In his motion to suppress, Barraza asserted that the security guard had no right to detain or arrest him outside the premises of the nightclub. He cited no legal authority in support of his contention. With respect to the security guard's actions, Barraza's motion asserted, "[t]he Security Guard is not a member of law enforcement and has no right to arrest or detain a person outside the premises of the club if the person was not attempting to enter the club," and "[i]f the Defendant had entered the club without permission or caused a disturbance in the club, the guard would have had the right as an agent of the business to detain the Defendant" but "[o]utside the club he had no such right." Barraza's motion made no reference to article 14.01 or to the authority of a non-peace officer to make a warrantless arrest for a felony offense committed in his presence or for an offense against the public peace. TEX. CODE CRIM. PROC. ANN. art. 14.01(a).[2]

---

[2] Barraza's motion to suppress also alleged that the SAPD officer had no right to detain or arrest him for public intoxication because his brother and friend were present and could have taken him home, so he did not pose a danger to himself or others. Barraza waived this ground at trial and therefore presents no appellate argument based on the police officer's conduct.

The trial court did not conduct a separate suppression hearing, but instead carried the motion with the trial. After the State rested, the trial court heard argument on the motion to suppress. Consistent with the ground stated in the motion, Barraza argued that the security guard was not law enforcement and had no authority to detain Barraza after he left the club's premises, i.e., he had no right to pursue Barraza into the parking lot and hold him until the police arrived. Barraza's counsel never referred to article 14.01 or to the authority of a citizen to make an arrest for a felony or breach of the peace committed in their presence — the argument he now seeks to raise on appeal. The State did argue that Reyes's detention of Barraza was legal under article 14.01 because Reyes's testimony showed he had a good faith belief that Barraza's assault on him while he was in uniform was considered a felony, i.e., assault on a public servant, and that Barraza's criminal trespass into the club constituted a breach of the peace. In addition, the State asserted that Reyes's testimony showed he also had a reasonable suspicion that Barraza was in possession of a weapon and drugs. In denying the motion to suppress, the trial court relied on article 14.01 and found that "the security guard had the right to detain [Barraza] because the assault [against Reyes] . . . is an offense against public peace." The trial court also stated that the assault could arguably be considered a felony because as a commissioned, uniformed security guard, Reyes could be considered a public servant. *See* TEX. PENAL CODE ANN. § 22.01(b)(1), (e)(3) (West Supp. 2015) (defining felony offense of assault against a public servant).

The arguments raised by Barraza on appeal, that Reyes was not authorized under article 14.01 to arrest him and lacked reasonable suspicion to detain him, were not set forth in his motion to suppress nor were they argued by defense counsel to the trial court. By not raising these legal theories until his appeal, Barraza has procedurally defaulted these issues. TEX. R. APP. P. 33.1(a); *Swain*, 181 S.W.3d at 367; *Wilson*, 71 S.W.3d at 349; *Rezac*, 782 S.W.2d at 870.

## CONCLUSION

Based on the foregoing reason, we affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH